### *Masters* v. *Edwards.*

THE defendant had been surrendered in exoneration of his bail, final judgment obtained against him, and after three months, he was, on regular notice to the plaintiff, superseded, for want of being charged in execution in due time.   Notwithstanding this, the plaintiff's attorney sued out an execution against the body of the defendant, upon the judgment on which

he had been in custody, and took him upon the *ca. sa.*
thus issued.

*Henry*, on these facts, disclosed by affidavit, mov-
ed, that he should be discharged.   This case is to be
distinguished from that of *Brantingham :* in that, the
court held the plaintiff entitled after notice of a rule
for a *supersedeas*, to come in, charge in execution,
and show that circumstance as a cause for refusing
the application.  *Blandford* v. *Foote, Cowp.* 72. re-
cognizes the principle of the application,   The court
there decided, that a man released for want of being
charged in execution might be taken on a *ca. sa.* in an
action founded on the judgment, in the original suit.
It is to be inferred, therefore, that on an execution
sued out in the original suit, he could not be taken.

*Benson* and *Riggs*, contra.   The *English* courts
proceed on this maxim :  " once supersedeable, and
" ever supersedeable."  This we have departed from,
and overruled in *Brantingham's* case.   Besides, the
whole object of the motion is, to prevent us from do-
ing that directly, which they allow we can accom-
plish circuitously ;  for they say, we must proceed by
action on the judgment, and have execution in the
second suit.  This is contrary to the settled principle,
that circuity, and multiplicity of actions are abhorred
in the law.

*Henry*, in reply.   The doctrine contended for by
the plaintiff, would go to shut out, from a defendant,
any right of set-off.   Suppose a man discharged ; in
the course of fair dealing, he, by services, or other
means, pays a part of the debt ; if he is to be taken,

on the original judgment, he is excluded from show-ing, perhaps, a full satisfaction, till he applies to the court for relief, and during that period is deprived of his liberty.

*Per Curiam.* In *Brantingham's* case we certainly did depart from the *English* practice. We there allow-ed, on a rule to show cause, the being charged in ex-ecution subsequent to notice of the application, to be shown as a reason for denying the *supersedeas.* The court proceeded there on the idea, that the statute gave the plaintiff a right of electing to have execu-tion against the body, or the goods ; and that he was not obliged to manifest this election till called on. The present case is not of that description ; the sta-tute was only to prevent double executions. The plaintiff has elected to relinquish the person of his debtor, who, having been once actually superseded, must continue so, and the plaintiff shall never have liberty again to resort to his first judgment. Let the defendant, therefore, be discharged, but without costs.