## Enoch Reynolds *against* Corp and Douglas.

THIS was an action of trespass, assault, and false imprisonment, brought against the defendants, under the following circumstances.

The plaintiff, in a suit against him by *Corp*, in which *Douglas* was the attorney, had, in exoneration of his bail, been surrendered to prison, from whence he was liberated by a regularly obtained *supersedeas*, for want of being charged in execution in due time. After this, *Douglas* issued a *ca. sa.* upon the old judgment on which *Reynolds* had been in custody, took him in execution, and kept him in confinement, from the first of *December* to the twentieth of *February* following, on which day he was, by the order of *Douglas*, discharged.

On the trial, the counsel for the defendants contended, 1st. That the action would not lie ; because, so long as the judgment on which the *ca. sa.* was issued, remained unreversed, it warranted the writ ; the proceeding on which, could not, therefore, amount to a trespass. 2d. That the execution, being according to the judgment, was a com-

*If a defendant be liberated from confinement, for want of being charged in execution, trespass will not lie against the plaintiff & his attorney, for imprisoning him a second time, on a ca: sa. issued on the old judgment in the suit from whence he was discharged, the process being only voidable.*

NEW-YORK,
Nov. 1805.

Reynolds
v.
Corp and
Douglas.

* Act for the
relief of debt-
ors, with res-
pect to the im-
prisonment of
their persons,
1 *Rev. Laws,*
290, *sec.* 12.

* 1 *Rev. Laws,*
296, § 12.

plete justification to the defendants. 3d. That the statute,* authorising the *supersedeas*, does not inhibit the subsequent issuing of a *capias ad satisfaciendum*. 4th. That, in order to impeach the execution, the award of the *supersedeas*, should appear on the record, that it might, on the face of it, shew, how the now plaintiff was exempted from the operation of the *ca. sa.* The judge, however, overruled all these positions, and charged for the plaintiff, in favour of whom the jury found.

The application now was, to set aside this verdict, and grant a new trial for the reasons insisted on at *Nisi Prius.*

*Van Vechten* for the defendants. A *supersedeas* is no more than an authority for the sheriff or gaoler to discharge. It does not abrogate the judgment, and the words of the law do not take away our right to proceed upon it. The statute says,* " If any plaintiff shall obtain judgment, " &c. against any defendant in custody, &c. and shall not " charge such defendant, so remaining a prisoner, in execu- " tion, within three months next after such judgment ob- " tained, then such defendant. so remaining, &c. may be " discharged *out of custody*, by a *supersedeas*, to be allow- " ed by one of the judges of the court, &c." The judgment, therefore, continues in full force. If the *supersedeas* is to have the effect of destroying its operation, the *supersedeas* should constitute a part of the record; for that which is on record, can be done away by matter of record alone. *Plow.* 229. Should the court be against us on these points, the excessiveness of the damages ought to induce a new trial. They ought to have been merely nominal. It is enough to lose the debt.

● LIVINGSTON, J. Had *Corp* any notice of the *supersedeas* having issued?

*Foote* for the plaintiff. It could not have been obtained without notice to his attornies ; and we rely on that being sufficient to affect him, for a plaintiff is bound to know all that has been regularly transacted in his own suit. It is settled, that after *supersedeas*, obtained for want of being charged in execution, the defendant is not liable to an

*ca. sa.* on the original judgment. *Perkins* v. *Proctor*, 2 *Wills.* 382. *Blandford* v. *Foote*, *Cowp.* 72. *Masters* v. *Edwards*, 1 *N. Y T. R.* 515. After production of the *supersedeas*, the sheriff would be liable to an action, should he detain, and the same law exists against the plaintiffs, should they re-imprison. It is not correct to say, the debt due to the plaintiff is lost ; for an action may now be brought on the original judgment. *Barker* v. *Braham* and *Norwood*, is an authority to show, that an action will lie both against a plaintiff and his attorney, for suing out an illegal *ca. sa.* though it be so merely from informality. Eighty-one dollars cannot be thought excessive damages for near three months' false imprisonment.

KENT, C. J. There are several questions arising upon this case. 1. Whether trespass will lie at all, for suing out execution against a defendant who has been discharged from custody by *supersedeas*, for want of being charged in execution ? If it will, then whether the plaintiff can sue, so long as the award of the execution remains good, and has never been set aside for irregularity ?

1. The statute only says, that a prisoner who is not charged in execution within three months after judgment, may be discharged from custody by *supersedeas*. The privilege of the prisoner from subsequent imprisonment upon the same judgment, is not founded upon the words of the act, but upon the construction and practice of the courts. 1 *Caines*, 515. The question is, whether a subsequent *ca. sa.* is to be deemed absolutely void, or is voidable only. I am inclined to think, that the process is voidable only, and that process will not lie, although, perhaps, a *ca. sa.* sued out with a knowledge of all the facts, and of the rule of practice, might subject the party to an action on the case, and also expose him to be punished as for a contempt, in abusing the process of the court. In the case before us, the judgment remains valid, and execution may go at any time against the property, and there is nothing upon record to show that the process by *ca. sa.* is *in itself* irregular. The general rule is, that false imprisonment

K k

lies for arrest under process irregularly issued, but not for arrest under process erroneously issued. The irregularity, in such cases, seems, however, from an examination of the authorities, to have been apparent upon the face of the process itself, or upon inspection of the record. *Parsons* v. *Loyd*, 3, *Wils.* 341. *Turner* v. *Felgate*, 1. *Lev.* 95, and *T. Raym.* 73. *Philips* v. *Biron*, *Str.* 509. *Barber* v. *Braham*, 2 *Black. Rep.* 866. and 3, *Wils.* 368. And for this reason, privileged persons, certificated bankrupts, &c. are not entitled to bring false imprisonment, although they may have been arrested. *Cameron* v. *Lightfoot*, 2. *Black. Rep.* 1190. *Tarlton* v. *Fisher*, *Doug.* 671. False imprisonment, it is said, will lie for arresting a person on Sunday, 1 *Salk.* 78. But this arises from the words of the statute, which declares the service to be *void*, 2 *Black. Rep.* 1195, and that the party shall be answerable in the same manner as if he arrested without process. I have not been able to meet with any case that comes home to the present, in its circumstances, or that will apply, by any fair rule of analogy, so as to support the action. Trespass has been held to lie against assignees, under a commission of bankruptcy, even before their commission was superseded; but this was upon the ground that the commissioners had exceeded their authority, and that their proceedings were, consequently, *coram non judice*, and void. *Perkins* v. *Proctor*, 2 *Wils.* 382. and also, to the same effect, *Smith* v. *Boucher*, *Str.* 993, and *Terry* v. *Huntington*, *Hardress*, 480. If a judgment be not *ipso facto* void, trespass will not lie for imprisonment under it. *Prigg* v. *Adams*, *Carth.* 274. *Salk.* 674. The case that most resembles the present, is that of issuing execution upon a judgment which has lain dormant above a year and a day. At common law, the plaintiff, in such case, was driven to sue out a new original, but the statute of 13 *Eliz.* 1. gave him a *sci. fa.* to revive the judgment. If, however, instead of bringing debt or *scire facias* upon the judgment, the plaintiff sues out a *ca. sa.* the court, upon application, will set it aside

with costs. 2 *Wils.* 82. *Barnes*, 213. 206. 197. But it has been often adjudged, and it is well settled, that the party is not responsible in trespass for suing out the *ca. sa.* for that the execution was voidable only, and was a good justification till reversed. *Patrick* v. *Johnson*, 3 *Lev.* 403. *Shirley* v. *Wright*, 1 *Salk.* 273. *Martin* v. *Ridge*, *Barnes*, 206. This case is extremely analogous to the present one, and the like rule of decision must apply to both. Although the plaintiff is no longer entitled to charge the defendant in execution on that judgment, yet, in each case, he may bring debt or *scire facias*, upon the judgment, and charge the defendant in execution upon the new judgment to be had thereon.

2. But admitting that a trespass would lie, the plaintiff brings his suit prematurely, so long as the *ca. sa.* appears regular upon the record. He ought first to have applied to the court, and had the writ set aside as irregular; and in the particular case of proceedings, except by certain inferior officers beyond their powers, and whose proceedings are held to be *coram non judice*, I believe no instance can be found, in which trespass was brought, until application had been made to the court, to determine upon the validity of the process, and to set it aside. Until that be done, the process will be a justification, and the court will not decide touching its validity in this collateral way. There may be circumstances existing, which might limit the interference of the court, upon the direct application, and induce them to set aside the process upon terms, and those circumstances cannot be examined into, nor the interference modified, in the present suit. One of the terms might have been, that no action of trespass should be brought. Such terms have been imposed by this court, on setting aside proceedings, and it is sometimes the practice in the English books. *Barnes*, 375. I am of opinion, therefore, for these reasons, that the verdict ought to be set aside.

LIVINGSTON, J. This action ought not to be encouraged. The judgment warranted the execution, and although

the plaintiff had been superseded, we have already deter-mined that the object in providing this relief, was to com-pel the party to elect what process he would resort to, and that after a lapse of three months, and even notice of ap-plication for a *supersedeas*, the body might be detained on a *ca. sa.* Why then, after an actual *supersedeas* should all right of personal recourse be forever gone ? The debt-or is no more injured by an exercise of this election after his discharge, than after the expiration of three months. But, without further reasoning, it will be sufficient to say,. that my opinion is founded on the reasoning of some cases decided in this court. I have, therefore, thought it unne-cessary very minutely to examine the practice in England, although if it be permitted there, as it is,* to have a *capias ad satisfaciendum* in a second action, brought on a judg-ment, after a discharge of this nature, why not sanction one in the first instance, without all this expense and de-lay ? Would it not be more dignified to permit a thing to be done immediately, than to drive a creditor to a proceed-ing so circuitous and indirect, and for no other reason, than because he has been so forbearing as to permit his debtor for a while to leave the walls of a prison.

*Cowp. 72.

Notwithstanding the determination in *Masters* v. *Ed-wards*, which was a departure from principles formerly adopted, we have not yet said, that a party thus aggrieved shall have a remedy by action. We do enough, if as was done in the last case, we set aside the execution. So long as this can be done, either here, or by a judge at chambers, it is not probable we shall have many complaints.

Upon the whole, as the judgment remained in full force, as the act is silent as to the effect of a supersedeas, as the obligation to pay is as great as ever, as the *ca. sa.* was only voidable, and not void ; but more especially, to preserve a uniformity of decision, I think there ought to be a new trial, with costs, to abide the event of the suit.

THOMPSON, J. The merits of this case are, I think, comprised within a very narrow compass, and the right of the plaintiff to recover in this action, will depend alto-

gether upon the question, whether the execution issued <span style="float:right">NEW-YORK,</span> against him, is, in judgment of law, to be deemed *void,* or <span style="float:right">Nov. 1805.</span> only *voidable ?* If the former, it was a nullity *ab initio,* and <span style="float:right">Reynolds</span> could afford no justification ; if the latter, it would afford <span style="float:right">v.</span> a good justification, until set aside. <span style="float:right">Corp and Douglas</span>

I am inclined to think the execution must be considered voidable only. That this court will relieve a prisoner charged in execution, after a *supersedeas* has regularly issued to liberate him from imprisonment, for want of being charged in due season, has been settled in the case of *Masters* v. *Edwards,* 1 *N. Y. T. R.* 516. But whether such execution is to be considered void, or voidable, is undetermined. It appears regular upon the face of it; it is warranted by the judgment, and is to be avoided by some matter *dehors* the record, and which I think cannot be taken advantage of in this collateral way. A party justifying under the execution, may thus be taken by surprise, and also deprived of the equitable discretion frequently exercised by courts, according to the circumstances of the case, in setting aside executions improperly issued, upon terms, among which, that no suit for false imprisonment shall be brought, is often made a condition of the rule.

I think there are cases somewhat analagous to the present, when the process has been deemed voidable. Thus, if an execution be issued on a judgment that has lain dormant for a year and a day, it is deemed voidable only; and until reversed or set aside, is a good justification. 3 *Lev.* 403. An execution thus issued, is called, in the books, an *erroneous* process. 1 *Salk.* 273. And in the case of *Parsons* v. *Loyd,* 3 *Wils.* 345, *De Grey,* Ch. J. says, there is a great difference between erroneous process, and irregular (that is to say void) process. The first stands valid and good, until reversed ; the latter is an absolute nullity from the beginning. The party may justify under the first until it be reversed, but cannot under the latter.

And in the case of *Prigg* v. *Adams, and others,* 2 *Salk.* 674, an officer justified under an execution on a judg-

ment which, by an act of parliament, was void, and on de-murrer, the question was, whether the judgment was so far void as that the party might take advantage of it in this collateral way, and it was held that it was not, but that it was only voidable by plea, or writ of error.

The result of my opinion, therefore, is, that in the present case the execution issued against the plaintiff was only voidable, and until set aside, affords a good justification. The verdict must, of course, be set aside.

SPENCER and TOMPKINS, J. concurred.