#### IN THE

## SUPREME COURT OF JUDICATURE

#### OF THE

### STATE OF NEW-YORK,

##### IN OCTOBER[*] TERM IN THE THIRTY-SIXTH YEAR OF OUR INDEPENDENCE.

JACKSON, ex dem. M'CREA, against BARTLETT.

THIS was an action of ejectment. The cause was tried at the *Essex* circuit, in *June*, 1810, before Mr. Justice *Van Ness.*

The plaintiff gave in evidence a record of a judgment, in the court of common pleas of *Essex* county, in favour of *Israel Bedell*, against *Nathaniel Mallory*, docketed the 10th *September*, 1801; and a writ of *fieri facias*, issued on

*In an action of ejectment against a purchaser of land under a sheriff's sale, the regularity of the execution cannot be questioned.*

*If an execution issue after a year and a day, without a revival of the judgment by a* scire facias, *it is only voidable at the instance of the party against whom it issued.*

[*] By an act of the last session of the legislature, the terms heretofore held in *November* and *February*, were directed to be held on the third Monday of *October* and the first Monday of *January*, in each year.

*After an escape by the defendant from custody on a* ca. sa. *the plaintiff may proceed against the sheriff for the escape, and at the same time take out a* fieri facias *against the property of the defendant, for the remedies are not inconsistent with each other.*

*A purchaser at a sheriff's sale cannot be affected by any matter subsequent to the sale, arising between the parties to the judgment to which he is a stranger.*

*The plaintiff's attorney, from his general character as attorney, has no authority to discharge the defendant from execution on a* ca sa., *until the money is paid His general authority ceases with the judgment, or at least with the issuing of an execution within the year*

the judgment, tested the 6th *January*, 1807, which recited that a writ of *capias ad satisfaciendum* had before been issued on the same judgment, on which *Mallory* was taken, but escaped from custody. There was a regular return endorsed by the sheriff on the *fi. fa.* stating that he had sold at auction the premises in question, with other lands of *Mallory*, to the lessor of the plaintiff, as the highest bidder. It was objected to the *fi. fa.* that it had issued above a year after the judgment; but the objection was overruled. The escape of *Mallory* from the custody of the sheriff on the *ca. sa.* was proved, and that the defendant had confessed that he held under *Mallory.* The deed of the sheriff to the lessor, dated 1st *August*, 1807, was also produced.

The defendant gave in evidence a record of a judgment, docketed the 2d *September*, 1806, in the supreme court, in favour of *Bedell* against the sheriff of *Essex*, in an action on the case, for the escape of *Mallory*, in which the plaintiff recovered the whole debt and costs. It was also proved that a *scire facias*, tested the 16th *August*, 1806, was issued on that judgment, which was returned satisfied, by a judgment bond dated 4th *July*, 1808, taken by consent of *Bedell's* attorney.

The defendant offered to prove that the attorney of *Bedell* had consented to *Mallory's* discharge from the *ca. sa.*; which was objected to, and the testimony overruled.

It was then proved by the plaintiff, that the last *fieri facias* was sued out, at the instance of the sheriff, and solely for his benefit.

A verdict was taken for the plaintiff, subject to the opinion of the court.

*Z. R. Shepherd*, for the plaintiff. 1. The regularity of the issuing the *fieri facias* could not be inquired into at the trial of this cause. The execution was good, until avoided by the party against whom it had issued.

2. Does the recovery against the sheriff for the *escape*, destroy the right of proceeding on the judgment against *Mallory?* There is no connection between the escape and the judgment; nor can the judgment be affected by the escape. The case is analogous to a proceeding against two joint obligors, where one is taken in execution and escapes, yet the plaintiff, notwithstanding his remedy against the sheriff, may proceed to judgment against the other obligor. (1 *Roll. Abr.* 196. *Cro. Car.* 75. *Cro. Eliz.* 478. 555. *Moore*, 459.) One judgment does not extinguish another judgment. A plaintiff may pursue different remedies, though he can have but one satisfaction.

Again, the sheriff having a legal right to sell under the *fi. fa.* the title vested in the purchaser, and cannot be devested by the subsequent act of a *third* person.

3. After the *record* of the judgment against the sheriff was produced in evidence by the defendant, to prove the *escape*, he could not give evidence of any confessions or admissions of the plaintiff contrary to that fact.

4. But granting the evidence offered to be admissible, it could avail nothing; for an attorney has no authority, without the consent of the plaintiff, to discharge a debtor from custody.* An attorney cannot enter a *retraxit*, without his client's consent, for it is against the duty of an attorney to release or destroy the rights of his client.† He may act for the benefit, but not to the prejudice of his client, without express authority; for he will be presumed to have power to do what is for his client's benefit, but not when he acts against the interest of his client.

*Skinner* and *E. Williams*, contra. 1. The defendant does not claim under the sheriff, nor is he party to the judgment against him for the escape. He is not, therefore, estopped by that judgment, from showing that there was a discharge from the *ca. sa.* or from contradicting the fact of an escape. If the defendant on that exe-

---

NEW-YORK,
October, 1811.

JACKSON
v.
BARTLETT.

* 1 *Roll. Rep.* 365. 1 *Roll. Abr.* 585. 1 *Salk.* 89. 6 *Johns. Rep.* 51. † 2 *Inst.* 378.

cution, was legally discharged by the attorney, it cannot be denied that the execution was satisfied at law, though there might have been no real satisfaction of the debt. Then, had the attorney for the plaintiff authority to discharge the defendant *Mallory* from that execution? Since the decision in the case of *Noyes* v. *Denton and others*,[*] there can be no doubt of his authority; for if an attorney, without warrant, may confess a judgment to bind the defendant, surely an attorney on record, who has been regularly employed by the plaintiff in the suit, has power to release or discharge the defendant on the judgment. The sheriff is bound to obey the directions of the plaintiff's attorney. The discharge of the debtor, or the recovery for the escape, is equivalent to a satisfaction. For aught that appears, a real satisfaction may have been made to the attorney, to induce him to discharge the prisoner. It is fair to presume that the attorney was satisfied, before he consented to the discharge. In judgment of law, if not in fact, there was a satisfaction of the judgment. The law presumes a satisfaction, if an execution is not returned. The execution issued in 1806, and no return was made until 1808.

Again, the *fieri facias* was satisfied by the liability of the sheriff, and the recovery against him for the previous escape on the *ca. sa.* issued on the same judgment, to the full amount. In *Rawson* v. *Turner*,[‡] it was held, that where the plaintiff had elected to proceed against the sheriff for the escape, he should not hold the defendant in execution. The plaintiff had his election, either to proceed against the sheriff, or to issue a new execution, and having made that election, every other remedy is discharged. If the plaintiff could not take out a new *ca. sa.* and commit the defendant, after electing to sue the sheriff on the escape; for the same reason, he cannot take out a *fieri facias* against the property of the defendant.

Again, a sheriff, on his mere liability to an action for an escape, may maintain an action against the defendant.[‡]

For a stronger reason, he may, after a judgment and execution against him, bring his action. If so, then the defendant might be doubly liable, first to the sheriff, and also to the original plaintiff. Hence the propriety of the rule laid down in *Rawson* v. *Turner*, that the plaintiff shall be concluded by his election.

*Foot*, in reply, said, that a *bona fide* and innocent purchaser under a sheriff's sale, could not be prejudiced by the proceedings between the parties to the judgment. After the production of the record, to prove the escape, parol evidence was inadmissible to show that there was no escape. But admitting that the plaintiff's attorney did consent to the discharge; yet the 23d section of the statute (sess. 24. c. 28.) declares, that if a person charged in execution, "shall escape by any means or ways whatsoever," the plaintiff may retake him on a new *ca. sa.* or issue a *fieri facias.* But it is a sufficient answer to say, that an attorney cannot discharge a defendant, without payment or satisfaction of the debt.

The decision in *Rawson* v. *Turner* is not applicable to the present case. The court said that the plaintiff should not sue the sheriff for the escape, and, at the same time, hold the defendant in prison, by a new execution; for the two remedies were incompatible with each other. A remedy against the property of the defendant, is not incompatible with a suit against the sheriff for the escape.

*Per Curiam.* 1. The question on the regularity of the *fi. fa.* could not be raised in this case. Though the execution may have issued a year and a day after judgment, without revival by *sci. fa.* it was only voidable at the instance of the party against whom it issued. (3 *Lev.* 403. 3 *Caines*, 271. 273.) It was good in point of form, and several reasons might possibly have been assigned, if the question had come up on motion to set it aside, why the execution was duly issued, even after the year and

a day. It was not for the present defendant to question a purchaser's title under such an execution. It was a good authority for the sale. (*Shirley* v. *Wright*, 1 *Salk.* 273.)

2. Nor is there any more weight in the objection that the plaintiff had concluded himself, by electing to sue the sheriff for the escape, and to proceed to judgment against him. The *satisfaction* that is stated to have been obtained upon that judgment, whatever might have been its force, otherwise, is to be put out of view in this case, for it appears to have been long after the sale and purchase by the lessor of the plaintiff. His title could not be affected by matter subsequent to the sale, and between strangers with whom he had no privity. The statute gave the plaintiff in the first execution, a right to sue out any other execution after the escape; (*Laws*, vol. 1. p. 213.) and his instituting a suit for the escape, did not deprive him of that right, because the suit and judgment against the sheriff was no satisfaction, nor were the two remedies inconsistent with each other. He was at liberty to pursue both the remedies, concurrently, until he had obtained satisfaction upon one. In *Rawson* v. *Turner*, (4 *Johns. Rep.* 469.) the election of one remedy was incompatible with the pursuit of the other, as the one remedy was upon the ground that the other had ceased. The party was not then concluded in this case, by any election, and the *fi. fa.* was duly sued out, notwithstanding the judgment against the sheriff.

3. The only remaining point is, whether the proof offered by the defendant, that the first execution was satisfied by the discharge of the prisoner, ought to have been received. The offer was to show that the attorney for *Bedell* had permitted *Mallory* to be discharged from the *ca. sa.* The defendant was not concluded from this proof, by the circumstance of his having produced the judgment against the sheriff for the escape. As he was a stranger to that judgment, and without notice of such

NEW-YORK,
October, 1811.

JACKSON
v.
DOUGLAS.

a suit, he was not bound by it; but he produced the judgment for another purpose, which failed, and he then resorted to parol proof, to meet the like proof which the plaintiff had offered relative to the escape. The great and decisive objection to the evidence offered, is, that it was of no avail, because the attorney to the plaintiff in the suit had no authority, from his general character, as attorney, to discharge the defendant from execution on *ca. sa.* until the money was paid. It was a disputed point as early as the case of *Payne v. Chute*, (1 *Roll. Rep.* 365.) whether an attorney could acknowledge satisfaction without receiving the money. *Coke* and *Doddridge*, Justices, differed upon that point; and there is no case in which that authority has been adjudged to belong to him, and it is against the nature and limitation of his trust. An attorney's authority determines with the judgment, or at least with the issuing of the execution within the year. (2 *Inst.* 378. 2 *Bos. & Pull.* 357.) The most that the cases say, is, that he may receive the money recovered by *ca. sa.* and then acknowledge satisfaction. (2 *Show.* 138. 1 *Roll. Rep.* 365.)

The Court are, therefore, of opinion, on all the points, that the plaintiff is entitled to judgment.