CABLE *against* COOPER.

Where a defendant, taken in execution, is discharged from imprisonment, under the *act for the relief of debtors, with respect to the imprisonment of their persons,* and is afterwards sued upon the original judgment, he must, if he intend to avail himself of his exemption from imprisonment, plead it, and his omission to plead it is a waiver of his privilege; and if imprisoned again on another execution, in a suit founded on the original judgment, his discharge is no justification in an action against the sheriff for an escape; and even if such subsequent execution were voidable, the sheriff cannot avail himself of the error.

It seems that the *habeas corpus* act does not apply to cases of imprisonment on civil process. But where a defendant in execution, is discharged from imprisonment, under the act for the relief, &c. and is again imprisoned on an execution issued in a suit founded on the original judgment, a judge, or commissioner, has no authority to discharge him under the *habeas corpus* act, and a discharge granted under such circumstances is no protection to the sheriff, in an action for an escape.

THIS was an action of debt brought against the defendant, sheriff of the county of *Oneida,* for the escape of one *Azor Brown.* The cause was tried before his Honour the Chief Justice, at the *Onieda* circuit, in *June,* 1817.

The plaintiff brought an action, in this court, of debt, on a judgment recovered by him in the mayor's court of *Albany,* against *Brown & Colberth :* *Brown* only was taken on the *capias,* and judgment was rendered by default, in *August* term, 1816, for 186 dollars and 19 cents, the amount of the judgment in the mayor's court, and costs. A *test. ca. sa.* tested in *August* term, 1816, and returnable in *October* term thereafter, was issued, and delivered to one of the defendant's deputies, who before the return day arrested *Brown,* and committed him to the jail of *Oneida* county, where, or on the limits of the jail, he remained until discharged under a *habeas corpus.* The defendant produced in evidence the exemplification of the *habeas corpus,* the *test. ca. sa.* and the proceedings thereon. The *habeas corpus* was allowed by *Nathan Williams,* Esq. the commissioner, residing at *Utica,* the 18th of *October,* 1816. It appeared, from these proceedings, that *Brown* was discharged from imprisonment on a *ca. sa.* issued by the plaintiff on the original judgment, in the mayor's court of *Albany,* in *May,* 1814, under the " act for the relief of debtors, with respect to the imprisonment of their persons," by the order of that court ; and the commissioner, on *Brown's* being brought up before him, by his order dated the 18th of *October,* 1816, directed *Brown* to be discharged from imprisonment on the execution issued out of this court, upon the ground that he had been arrested

contrary to the act for the relief of debtors, &c. *Brown* was accordingly set at large.

A verdict was found for the plaintiff, subject to the opinion of the court.

*Foot*, for the plaintiff. 1. In an action for an escape, the sheriff cannot take advantage of any error in the process. The process must be void, not merely voidable, to afford him a justification. (*Bissel* v. *Kip*, 5 *Johns. Rep.* 69. 100.) Whether the officer can justify or not, in an action against him for false imprisonment, is the test by which to determine whether he can permit the party to go at large, or not, after the arrest. If the process protects him, he is bound to keep the prisoner. (1 *Wils.* 255. 2 *Saund,* 101. *y.* n. 2. *Comyn's Dig. Escape,* (C.) *Bac. Abr. Escape,* (A).) A sheriff may justify under every process issuing from a court having jurisdiction. It is well settled, that a person privileged from arrest, by statute or common law, if arrested, cannot maintain an action for false imprisonment, unless the proceeding is declared void by statute. (*Reynolds* v. *Corp,* 3 *Caines,* 267. *Tarlton* v. *Fisher, Doug.* 671. *Cameron* v. *Lightfoot,* 2 *Bl. Rep.* 1190. 1 *Tidd's Pr.* 183.) If a sheriff has process against a privileged person, he may serve it or not, but if he does arrest he must keep his prisoner. (2 *Bulst.* 65.) By the *second* section of the act *for the relief of debtors,* &c. (1 *N. R. L.* 348. sess. 36. ch. 81. s. 2.) a person discharged from arrest, under the act, is not liable to imprisonment again for the same cause, and it is declared lawful for any judge of the court, out of which the process issued, to discharge him from custody, *provided* he enters an appearance, or gives a warrant of attorney to appear; and the 7th section declares that the real and personal estate of such debtor shall remain liable for his debts. The statute evidently contemplates an action on the judgment under which the *ca. sa.* issued, in which the party is required either to endorse his appearance, or is arrested and gives bail. In the latter case, if he does not appear and plead the statute in avoidance, he waives his privilege from arrest on the final process. The holding the defendant to bail, is notice to the defendant that the plaintiff intends to call for his body to

ALBANY,
January, 1818.

CABLE
v.
COOPER.

satisfy the debt; and if a *ca. sa.* is issued, the sheriff cannot say the judgment is erroneous, and permit the defendant to go at large.    This case is manifestly different from that of *Ray* v. *Hogeboom*, (11 *Johns. Rep.* 433.) for the privilege in that case was not conditional.

Again; the discharge of the prisoner in this case was void.    The act (1 *N. R. L.* 425, 426. sess. 36. ch. 57. s. 20.) gives no authority to discharge, where, on the return of the *habeas corpus*, it appears that the person is charged in execution.    The judge, or commissioner, can only remand him.    The allowance of the writ is a ministerial act.    (*Yates* v. *Lansing*, 5 *Johns. Rep.* 282. 297.)

2.  The process in this case was not illegal.    It followed the judgment of a court of competent jurisdiction.    *Brown*, therefore, came within the exception in the *third* section of the *habeas corpus* act.    He was a prisoner " in execution by legal process."    A judge, in vacation, has no jurisdiction of such a case. (4 *Johns. Rep.* 354. 6 *Johns. Rep.* 508.    9 *Johns. Rep.* 420.)

*Storrs*, contra.    *Brown* was privileged from arrest, by the statute, which declares that no person discharged from imprisonment under it, shall, at any time thereafter, be imprisoned for the same cause.    He was not bound to plead the privilege.    This is not the case of a party held to bail.    His appearance only was endorsed.    That there was a second judgment can make no difference.    The act expressly applies to such a case, and by declaring that the defendant shall not be again imprisoned, prohibits the issuing a *ca. sa.* on such second judgment.

The act, (1 *N. R. L.* 426.) which directs the prisoner to be remanded, does not take away the jurisdiction of the judge, if he had authority to issue the *habeas corpus.*    The act is merely directory.    The *allowance* of the writ is not a judicial act; but the judicial character commences when the writ is returned. (*Yates'* case, 4 *Johns. Rep.* 317.)    A judge, in vacation, may issue a *habeas corpus*, in all cases where he has jurisdiction.    The words of the act, (1 *N. R. L.* 354. sess. 36. ch. 57. s. 3.) " in execution by legal process," refer to *criminal* process only.    The whole act has refer-

ence to persons charged for some criminal matter. The
statute under which the commissioner acted, in this case,
was, like the *habeas corpus* act, directory on the subject.
The act of the commissioner, when he orders the discharge,
is a *judicial* act; and if he acted judicially, there is an end
of the question; for where the subject matter is within the
jurisdiction of the court, or judge granting the order or pro-
cess, the officer is excused. (*Smith* v. *Shaw,* 12 *Johns. Rep.*
257. 10 *Co.* 77.) The arrest was void, and it was from that
arrest that *Brown* was released, by the order of the commis-
sioner. The defendant was, therefore, justified in obeying
that order.

VAN NESS, J. delivered the opinion of the court. The
defendant in the original action was bound to plead his dis-
charge, if he wished to avail himself of his exemption from
imprisonment for the same cause, secured to him by the sta-
tute. If he had been convicted of perjury in procuring his
discharge, he was, notwithstanding his discharge, liable to be
again imprisoned, either on the old judgment, or under a
new judgment recovered upon the old one, in an action of
debt; and if the discharge had been pleaded, the plaintiff
might have replied to it such conviction, which would have
been conclusive to bar him of his exemption. The privilege
from imprisonment to which *Brown* was entitled under the
statute, certainly might be waived, and the omission to
plead the discharge in proper time was a waiver.

The judgment was regular, both in form and substance,
and authorized the execution that was issued upon it,
and which would have been a complete justification to
the sheriff, in case he had been sued for false imprison-
ment. There is no pretence for saying that either the judg-
ment or execution was void, and admitting they were voida-
ble, that is a point which the sheriff is not permitted to raise,
and with which he has no concern. The sheriff is never al-
lowed to allege error either in the judgment or process, as an
excuse for an escape; and if he arrests the party, he is bound
to keep him until he is discharged by due course of law. To
these points, the cases cited by the counsel for the plaintiff
are full and decisive, particularly the two cases of *Reynolds*

v. *Corp* and *Douglas*, (3 *Caines*, 267.) and *Prigg* v. *Adams* and others. (2 *Salk.* 674.) *Brown* must, therefore, be considered as being in execution by legal process.

The next question is, whether the commissioner had a right to discharge him, and if he had no such right, yet, having actually discharged him, whether such discharge is a defence against this suit. It may well be doubted whether the statute gives to a judge or the chancellor, in vacation, a right to discharge a party imprisoned on *civil process.* If it were necessary to decide that question in this case, and for the first time, I should say it does not. (*Ex parte Wilson,* 6 *Cranch,* 52.) But admitting it to be settled, that the statute extends to cases of illegal imprisonment under civil, as well as criminal process, yet the power of the officers to whom the execution of it is committed, is special and circumscribed, and they are prohibited from granting a discharge whenever the party is " in execution by legal process." If these officers exceed their powers, or, in other words, if they discharge when they have no jurisdiction, their acts are void. If *Brown* was in execution by legal process, (and of which there cannot be the least doubt,) it necessarily follows, that the commissioner had no authority to discharge him. It was upon this ground that this court decided that the discharge of Mr. *Yates,* under the *habeas corpus* act, was void. Much as I respect the commissioner who granted this discharge, it was, beyond all doubt, an interference wholly unauthorized. He had no power to declare either the execution or judgment void. He had no discretion in this case ; for, according to the clear and unequivocal words of the statute, the moment he discovered that the prisoner was in custody on a *ca. sa.* perfectly valid and regular, upon the face of it, his power to discharge him ceased, to all intents and purposes. The statute is peremptory, and he had nothing to do but to remand him. If this court, on motion, would not have set aside the judgment and *ca. sa.* for any other purpose than to give the prisoner an opportunity to plead his discharge, how much more unauthorized was it for the commissioner to discharge him from custody, while both were in full force. The necessary consequence of these principles is, that the discharge

is no excuse for, or protection to, the sheriff. If the discharge is void, it is as if it never had existed. This is a universal rule in regard to all things that are void. "Void things are as no things." (22 *Vin.* 13. pl. 17.) Every tribunal proceeding under special and limited powers decides at its peril; and hence it is that process issuing from a court not having jurisdiction, is no protection to the court, to the attorney, or the party, nor even to a ministerial officer, who innocently executes it. This is a stern and sacred principle of the common law, which requires to be steadily guarded and maintained. The sheriff, on this execution, would have had a right to retake *Brown*, if he had departed from his custody without his permission, or a new execution might have issued against him. On this point the case of *Jackson* v. *Smith*, (5 *Johns. Rep.* 112.) is express. If the commissioner had no jurisdiction in this case, his discharge had no more effect than if he had not been a commissioner at all. In the case of Mr. *Yates*, it never was doubted by any of the judges, either in this court, or in the court of errors, that if the judge who discharged him had no jurisdiction, that the discharge would have been void. The question there was, whether he had jurisdiction or not. Those who held that he had none, considered the discharge as a nullity, and that the party might be recommitted. Those who held that he had jurisdiction, of course, considered the discharge conclusive, and that it was equally so whether the judge, in the exercise of his discretion, had decided right or wrong, so long as he acted within the scope of his powers. The opinion of the court, accordingly, is, that the plaintiff is entitled to judgment.

SPENCER, J. dissenting. I cannot concur in the opinion just pronounced.

If the commissioner had jurisdiction of the subject matter of *Brown's* imprisonment, and had a right to adjudicate on that point, it is entirely immaterial, as respects the defendant, whether the decision of the commissioner was right or not; the officer will be protected in yielding obedience to that decision.

It appears to me that the case of *Yates* v. *The People*,

(6 *Johns. Rep.* 580.) settles these principles :   1. That our statute has a more extensive operation than the *British habeas corpus* act ; in this, that whilst the *British* statute is confined to commitments for crimes and criminal matters, or the suspicion thereof, our act extends to, and gives, the chancellor, and a judge of the supreme court, in vacation, cognizance of cases of imprisonment generally, without confining their jurisdiction to commitments for criminal, or supposed criminal cases ; in short, that our *habeas corpus* act purposely changed the phraseology of the stat. 31 ch. 2. of *Charles* II., with the view of extending it to all cases of persons imprisoned, or restrained.

   2. That the inhibition, in the third section of our statute, of the benefit of the writ " to persons convict, or in execution by · legal process," necessarily ` refers it to the chancellor, or judge, having power to award the writ, to decide whether the party applying is in execution by *legal process :* for if he be in execution on illegal process, there exists no inhibition to. allow the writ.    If the first. proposition is correct, that our statute extends the benefit of the *habeas corpus* to all cases of imprisonment, and excepts out of the grant of power, the case of a person *in execution by legal process*, it appears to me, that the exception is to be construed in its whole extent, and that it does not, and cannot embrace the case of an imprisonment in execution on *illegal process.* The validity and legality of the process becomes the very *gist* of the inquiry ; and to this the jurisdiction of the judge must extend.    Indeed, it seems to me a very alarming proposition, that there' exists no method of enlarging a person, but in term time, who may be committed upon an execution against his body, and which may be issued without any judgment to warrant it.    If this be so, then the most flagrant violation of personal liberty may take place, without the power of an immediate corrective.    I feel no disposition to enlarge on points which I conceive to have been settled in the case of *Yates* v. *The People*, in the court for the correction of errors.    I am not aware that that case has been, in any degree, shaken or impaired, by any subsequent decision.

                              Judgment for the plaintiffs.