Colcock, J.
delivered the opinion of the Court.
In this case I shall not consider whether the plea is sustainable or no), because l think it evident, from the facts stated in the plea, and admitted by the demurrer, that the action itself is misconceived. The efforts of the plaintiff’s attorney to sustain the action, do credit to his ingenuity ; but wheu the case is tested by the rules which are laid down by all the'writers on the subject, as well as by the reason on which those rules are founded, it will be apparent, that (he action cannot be maintained.
The first general rule laid down in relation to the distinction between trespass and case, and that which Lord Mansfield always adhered to and applied, is well stated in Selwyn’s Nisi Prius. “ If the injury be occasioned by the act of the defendant at the time, or the di fendunt be the immediate cause of the injury, trespass vi et armis is the proper remedy ; but where the injury is not direct and immediate on the act done, but consequential only, there the remedy is by action on the case, sometimes termed an action on the case for consequential damages.” I Wheat. Selw. 328. It is conceded by the pleadings in this case, that the injury was not occasioned by the act of the defendant at the time. Was the defendant then the. immediate cause of the injury 1 Can it be said that he was the immediate cause, when the plaintiff was arrested by a lawful officer on a regular process? The officer in such a case is not the agent of the party, but the agent of the law. And there is then that circuity of operation, which the law contemplates.
But it is said the rule does not apply, because the process was not regular; inasmuch as it authorized the arrest of the present pbúntifi for a less sum than the amount, for which the law permits bail to be required, except in the case of transient persons : And it is contended, that we are bound to presume, that the plaintiff was not a transient person, because the plea has not averred that he was. This alleged irregularity shall be the subject of further inquiry hereafter; but it may be remarked, that the irregularity does not appear upon the face of the process; for it is distinctly alleged both in the body of the process, and *443 in the affidavit annexed to it, both of which are set out in the plea, that the present plaintiff was a transient person. Now Mr. Chitty, in his treatise on pleading, in giving a brief summary of the doctrine on this subject, points to a distinction, on which Í apprehend this case must turn, and which furnishes a complete answer to the ingenious argument of the plaintiff’s counsel. “ Case,” he observes, “ is the proper remedy for any injury to the absolute rights of persons, not immediate, but consequential.” And he proceeds to illustrate this rule by examples, referring to authorities for each particular: as “ keeping mischievious animals having knowledge of their propensity, &c.” “Also, whenever an injury to a person is effected by regular process of a Court of competent jurisdiction, though m db-iously adopted, case is the proper remedy, and trespass is not sustainable.” And then he adds, “ if, on the other hand, the proceeding complained of was irregular, the remedy in general must be trespass.” 1 Ch. Pl. 135-137. Where a man honestly pursue? a right, or even a supposed right, by the prescribed forms of law, he is not, and cannot be guilty of any offence, and consequently cannot be liable to any action. If this were not so, every one who is defeated in an action, or non-suited on a ground of law, would be liable to an action of trespass. But if one maliciously use the process of the law, even though he pursue the forms of it, he does an injury, and is, and ought to be liable. But the injury, consisting in an act of his, must be so stated, of course, that the party may know what is the charge which is brought against him, and be enabled to defend himself. Hence we find the judges, speaking on this point, say, if the matter be dehors the proceeding, case must be the action.
What would a man understand by a writ of trespass in the ordinary form 1 When he had caused a bail writ to be issued against his debtor, he is charged with assaulting and imprisoning one, whom perhaps he has not seen, and whom he did not even wish to have imprisoned. But if he is charged with having maliciously made an affidavit to hold the defendant to bail, when by law he was not liable to be held to bail, and these things were stated, as they must be in such an action, then he would know the charge, and if not guilty, be enabled to prepare for his defence. 2 Ch. Pl. 291-2. Now the law requires always *444 that the proceeding should be adapted to the injury; and hencethe well founded distinction between the two forms of action.
There is not a writer on this subject, who does not expressly say, that where the complaint is as to the affidavit made to hold to bail, the action must be case. The present plaintiff makes the very case in the affidavit which is annexed to his own writ; wherein he says, “ that one John Pundt, with a view, as this deponent believes, to injure and oppress this deponent, sued out a bail summary process against this deponent from the City Court of Charleston, for a debt of twenty-six dollars .and fifty cents, alleging in. his affidavit to the said bail process, that this deponent was a transient personand that he was arrested and confined for a time, and then discharged, &c. And upon an examination of the declaration, it appears, that it contained three counts, one in case and tvpo in trespass: by way, I suppose, of making sure of the matter. But the plaintiff has been compelled, it appears, to choose between these different actions, and the first count has been stricken out: a bad choice as to the legal form of action ; but one to which it is fair to presume, from an examination of the whole proceedings, that the plaintiff was driven by the merits of the case. The subsequent pleadings also most clearly shew the error of the plaintiff in adopting this form of action ; for they have resulted in the contest, as to who shall tender an issue on the very fact, on which the plaintiff’s tyhole case depends, whether he was a transient person. Suppose the defendant had pleaded not guilty, would the proof that the sheriff arrested the plaintiff, and the production of the process have proved the easel Surely not.. Herrick v. Manly, 1 Caine’s Reports, 252. The plaintiff must have gone on to shew that he was not a transient person, and consequently not liable to an arrest; and with what part of the proceedings would this proof have corresponded ? Where would this issue be found ?
But to meet all the arguments of the counsel, I will, now consider more minutely the point which he makes by way of taking the case out of the general rule, which he admits to be correctly stated. He says this proceeding is irregular; but surely this is a; misapplication of terms. “ Irregularity is a neglect of method or order.” Can it-in that sense be applied to the fact of swearing, or stating, in the proceedings, that the plaintiff was a transient person; even if we take it for granted. *445 that he was not so? If we look to the books for its meaning, w.‘ shall find, that it is not understood in any sense which can make it applicable to such a state of facts. In speaking of the cases directly in analogy with this case, cases where the defendant has been improperly held to bail, the proceedings have been expressly called regular; and on that very account it is said, case and not trespass is the action; and if we advert to the cases, we shall find the judges saying, the irregularity must be such as to be apparent. But the counsel has fallen into this error, by blending the cases of irregular process with those of void process; or rather by not distinguishing between those which are merely irregular in some particular, or so wholly irregular as to be void; for the terms are used as convertible. Thus it is said, trespass will lie for arresting an executor or administrator. Why? Because the process is a void process; or, as some say, it is irregular to attach an executor or administrator, and that every body knows: and this relates directly to the process itself, and that alone. If it be regular on its face, it cannot be rendered irregular by any thing dehors.
Erroneous process is good until reversed, and one may justify under it. Parsons v. Loyd, 3 Wilson, 341. In that case De Grey, C. J. said, “ There is a great difference between erroneous process, and irregular, that is to say, void process; the first stands valid and good until it be reversed, the latter is an absolute nullity from the beginning: the party can justify under the first until it be'reversed ; but he cannot justify under the latter, because it was his own fault that it was irregular and void at first.”
So, too, in Sutton v. Johnstone, 1 T. R. 544, Lord Mansfield laid it down that there is no similitude or analogy between an action of trespass for false imprisonment, and case. “ An action of trespass,” he observes, “ is for the defendant’s having done that, which upon the stating of it, is manifestly illegal. This kind of action (case) is for a prosecution, which upon the stating of it, is manifestly legal. The essential ground of this action is, that a legal prosecution was carried on without cause.”
In the case of Reynolds v. Corp and Douglass, 3 Caines, 267, Kent, C. J. says, “ the general rule is, that false imprisonment lies for arrest under process irregularly issued, but not for arrest under process erroneously issued. The irregularity in such *446 cases, seems, however, from an examination of the authorities, t0 jjave |3eea apparent on the face of the process itself, or upon inspection of the record.” And he refers to Parsons v. Loyd, 3 Wilson, 341, Turner v. Felgate, 1 Lev. 95, and T. Raym. Philips v. Biron, Sir. 509, Barker v. Braham and Norwood, 2 Black. 866, and 3 Wilson, 368. He goes on further to remark, “ and for this reason, privileged certificated bankrupts, &c., are not entitled to bring false imprisonment, although they may have been arrested.” Cameron v. Lightfoot, 2 Black. 1190, Tarlton v. Fisher, Doug. 671. And he then speaks of the very case on which the counsel so much relies, as being analogous to this, viz. trespass against assignees under a commission of bankruptcy ; “ but this,” he observes, “ was upon the ground that the commissioners had exceeded their authority, and that their whole proceedings were consequently coram non judice, and void.” 2 Wilson, 383. The language of Thompson, J., in the same case, is directly applicable to that now before us. “ It (the execution) appears regular on the face of it; it is warranted by the judgment, and is to be avoided by some matter dehors' the record, and which, I think, can never be taken advantage of in this collateral way.”
It is, however, further contended, that the proceeding in this, case was irregular, because there is no necessity for an affidavit to hold á transient person to bail. Perhaps it may be so. In the inferior Courts I am inclined to think that it is not indispensably necessary: but it is a practice as old as our act of 1769, on the subject of bail; and it is a wholesome practice. It was undoubtedly intended by the Legislature, that persons -liable to be held to bail should be so proceeded against in all cases, although by the particular phraseology of the act it seems to be confined to bail upon a capias ad respondendum. But the injury was not effected by annexing an unnecessary affidavit. If the order, merely, had been indorsed, the process would still have been regular on its face.
This objection, however, leads to another view of the case, which strengthen! that which I have taken of the law applicable to it. At the time the act was passed, all persons were liable to be held to bail for any sum ; but this was found vexatious and burthensome to persons resident within a fixed domicile, and they were exempted. Transient persons, however, were *447 left in the situation in which they stood before the act passed. They were not then made liable for the first time, as. transient persons, to be held to bail; but there was an exemption in favour of residents. The proceeding was then prima facie proper and regular ; and if the person was exempt from the operation of the process, by being a citizen, it is a privilege which he must shew. I might multiply cases, and swell this opinion to inordinate length; but 1 think I have said enough to shew that the action is misconceived, and I will merely refer to two, which are much to the point. Belk v. Broadbent, 3 T. R. 183, and King v. Harrison, 15 East. 613.
Motion refused.