Johnson J.
delivered the opinion, of the Court.
The general rule is, that the authority of an attorney at law, is determined by the judgment, Com. Digest, Attorney, B. 10. But upon the receipt of the money he may aknowledge satisfaction on the record, not however without the actual receipt of the money, for he is not permittedto make any executory contracts in relation to his client’s rights, nor will he be permitted to compromit them, by a voluntary act of his own, 1 Roll, 291, Jackson v. Bartlet, 8 John. 366, Kellog v. Gilbert, 10 Johnson 220. The authority of an attorney, when considered with a view to the duties which he is required to perform, is confined to the conduct and management of his client’s cause, in which his skill and learning only is put in requisition, and the *186 right to receive his client’s money without special authority, is an interpolation, the policy of which may well be questioned, however convenient it may be in practice, and ought not to be extended.
According to this rule, the consent of Mr. Thompson that Howard should be discharged, did not justify or excuse the sheriff; but apart from this consideration there is no foundation for this motion. From the judge’s notes of the evidence, it seems that Howard assigned to Cleary, a demand against the State as an indemnity to him, and that confiding in that security he had entered satisfaction on the execution, so that the assent of Mr. Thompson was founded on Cleary’s liability as sheriff.
This view of the facts supercedes altogether the necessity of examining the question whether the attorney had authority to discharge Howard under the act of 1815, by which the arrest would only have been suspended ; for it was intended by all the parties that it should operate as a final discharge. The same circumstances are an answer also to the ground on the subject of damages, Cleary has fixed the amount by an undertaking to pay the debt, and acknowledging satisfaction on the execution.
Motion dismissed.
O’Neall & Harper Js. concurred.