# Myers *against* The Commonwealth.

The Act of the 14th of June 1836, which provides a remedy upon the official bond of a sheriff, is not applicable to bonds which bear date prior to the passage of that Act; they must be sued according to the provisions of the Act of the 28th of March 1803, whereby the plaintiff recovers alone the amount of damage which he has sustained by the official misconduct of the officer.

But if, in such case, a general judgment be rendered for the plaintiff, the Su-preme Court will direct such judgment to be rendered on the verdict, as the court below should have done.

The issuing of an *alias fieri facias* by the plaintiff upon his judgment, will not release the sheriff from a liability which he had incurred upon the *fieri facias*.

If a sheriff, by reason of neglect of duty, become liable for the amount of a *fieri facias*, a subsequent rule granted by the court, to show cause why the judg-ment upon which it issued should not be opened, and the defendant let into a defence, will not release the sheriff from such liability.

ERROR to the Common Pleas of *Luzerne* county.

The Commonwealth, for the use of William Swetland & Co., against Thomas Myers and others.   This was an action of debt, upon the official bond of Thomas Myers, sheriff of Luzerne county.

The plaintiffs assigned for a breach of the bond, in substance, that they obtained a judgment on the 9th of July 1838, against Powers & M'Kennan, for $323.76, which had been reduced by payments to $73.76, for which they issued a *fieri facias*, and put it into the hands of the said Myers, as sheriff, on the same 9th of July 1838, with directions to levy on certain personal property

[Myers v. The Commonwealth.]

specified, which was of sufficient value to pay the amount; that the said Myers refused and neglected to levy on the personal property of the defendants, by which they, the said Swetland & Co., lost their debt.

The plaintiffs gave in evidence the official bond of the defendant, dated the 20th of October 1835, in the penalty of $15,000, and in common form; and then offered in evidence the judgment of William Swetland & Co. against Powers & M'Kennan, "for $320.68, on which is due and unpaid $73.76, with interest and costs."

The defendant objected to the evidence, but the court overruled the objection, and sealed a bill of exception.

The plaintiff then gave in evidence the *fieri facias*, issued the 9th of July 1838, and called as a witness,

Daniel Vauscoy sworn. I got a writ from the prothonotary's office for Swetland. Gave it to Hitchcock. Told him that Swetland wished me to hand it to him, and wished him to go out and make a levy. That he must levy the first time he went out. Don't remember the day. 'T was the same day writ issued. Hitchcock was acting as a deputy sheriff. Powers & M'Kennan were contractors on the rail-road. I think Hitchcock asked me if they had property, and I told him there were horses and carts. There was personal property enough to have levied this writ. Saw Hitchcock afterwards. He said he had been out. I went out within four or five days. At that time Powers & M'Kennan had property enough in their possession to have paid this debt. Hitchcock said they had promised to come in the next week and fix it, and he hadn't therefore levied.

The defendant then called

Platt Hitchcock sworn. I recollect Vauscoy called at the office, and notified Sheriff Myers that a writ was making out; and I think he brought it to the office. He said Mr Swetland directed him to say to the sheriff, that he wanted the money collected. I asked if the defendants had property, and he said they had. Told him it would be impossible to go out that day. Went out next day. Took execution for $73 and some cents along. Went to section of Powers & M'Kennan. Found one of them. He was very drunk. Made known my business, but could get nothing from him. Went with him to their shanty. I did not do anything with the execution. I received from the judge a written stay of execution. It was in pursuance of that I stopped proceedings upon the writ. I told Vauscoy, I am a stranger to Powers & M'Kennan, and don't know what property they have. He said, if they refuse to pay or turn out property, let us know, and we will turn out property. I saw Mr Swetland soon after this. I told him all I had done. He appeared perfectly satisfied. I told him they had agreed to come in and settle the execution. Told him all about it. Mr Swetland said, very well, if I only

[Myers v. The Commonwealth.]

get my money; but I want you to attend to it strictly. On the day fixed upon, they came in; they came to me with the written order of the judge. If it had not been for that stay, we would have gone ahead. It is my impression that the stay was returned with the writ.ª

Cross-examined—I told Mr Swetland the whole situation of the matter. I took the wife's promise. Told Swetland all that passed. No person present. I think I have given all he said. I have related the substance of what passed at defendants' shanty. I didn't proceed because I thought the matter would be settled.

The defendants then also gave in evidence the record of the plaintiff's judgment, and this entry : "13th July 1838, rule to show cause why judgment shall not be opened and defendant let into a defence. 10th October 1838, rule discharged." On the 10th of October 1838, the plaintiff issued an *alias fieri facias*, (the first having been returned by the sheriff " Rule granted in this case by C. D. Shoemaker, to show cause why judgment shall not be opened : so answers Thomas Myers, sheriff"), upon which the sheriff made a levy on the defendants' personal property and sold it; the proceeds of sale were brought into court, and appropriated to an execution which had issued on the same day, but prior to that of Swetland & Co.

The evidence was then closed.

The court then charged the jury as follows :

Jessup, President.—On the part of the defendants, their counsel have desired the court to charge the jury that the plaintiff, by issuing the *alias fieri facias*, discharged the liability of the sheriff to him if any liability had been incurred under the *fieri facias.*

To this the court answer that if at the time the *fieri facias* was returned by the sheriff he was liable, issuing the *alias* would not release that liability. What would be the law, if the sheriff had made return of any thing done by him on the *fieri facias*, and the plaintiff had adopted that return, and issued another writ, it is not necessary to decide; for in this case the sheriff returned the writ in consequence of an injunction from his Honour, Judge Shoemaker, requiring him so to do; and if he had become responsible before that injunction, he is still liable. It is the duty of a sheriff, upon receiving a *fieri facias*, without any directions other than those contained in his writ, to proceed with due diligence to search for the personal property of the defendants, and when he finds such property, at once to levy his execution upon it. If he fail so to do, and in consequence thereof the plaintiff loses his debt, the sheriff will be liable. If, as in this case, the property be described to him, and he be directed by the plaintiff to levy his execution at once, and instead of doing that he take an agreement of the defendant to come and settle the debt at a future day, he thereby takes upon himself the responsibility of the debt, and if the plaintiff thereby fail to collect it of the defendant, he may

recover it from the sheriff. But if the sheriff, under such directions, take an agreement of the defendant to come and settle the debt at a future day, and does not levy, and then informs the plaintiff of *all* he has done and of all the circumstances of the case, as far as he knows, and the plaintiff assent to and approve the course pursued by the sheriff, such assent and approbation will be as full a justification to the sheriff as if he had been so instructed to act by the plaintiff.

Errors assigned:

1. The court erred in admitting the evidence mentioned in the bill of exceptions.

2. The court erred in entering judgment generally for the plaintiff.

3. There is error in the declaration being under the Act of 14th June 1836, entitled an Act relative to bonds with penalties and official bonds.

4. The court erred in charging the jury that if at the time the *fieri facias* was returned by the sheriff he was liable, the issuing the *alias fieri facias* would not release that liability.

5. The court erred in charging the jury that if the sheriff had become responsible before the injunction of Judge Shoemaker, he was still liable.

*M'Clintock* and *Kidder*, for plaintiffs in error.
*Butler*, for defendant in error.

The opinion of the court was delivered by

SERGEANT, J.—The first error assigned is, that the court erred in admitting in evidence the judgment obtained by Wm. Swetland & Co. against Powers & M'Kennan. The defendants contend that there is a variance between this judgment and the one between the same parties set out in the declaration. There is no ground for this allegation. The declaration states the judgment to be for the sum of $323.76, besides costs. The record offered sets out a judgment entered on a promissory note, dated 14th of April 1838, payable twenty-five days after date, for the sum of $320.68, on which is due and unpaid $73.76, with interest and costs of suit; and then in the calculation which follows, the debt is stated at $320.68, interest $3.08, making the judgment to be precisely the sum stated.

The second and third errors raise the question under what Act of Assembly the proceedings on this sheriff's bond were to be had. For if they were under the Act of 28th of March 1803, then by the 4th section, the party aggrieved by the misconduct of the sheriff is to sue for the damage he has sustained, and the verdict and judgment are to be for that only. If the Act of the 14th of June 1836, relative to official bonds, applies in this case, then by section 8, the final judgment is to be, first, for the commonwealth in

[Myers v. The Commonwealth.]

the amount of the obligation; second, for the plaintiff in the amount of damages assessed, and for the costs. It seems clear, however, that the latter Act does not apply; because, by the 6th section it is confined to bonds and obligations which shall be given, and therefore affects only bonds of officers made after that law came into operation, which was the 1st of September 1836. The present bond was given on the 20th of October 1835, and is therefore, we think, not within the Act of the 14th of June 1836. The court therefore erred in entering judgment generally for the plaintiff. It should have been entered only for the amount of the damages assessed by the verdict of the jury, and costs of suit. This we may correct here by entering a proper judgment on the verdict.

The fourth error is, that the court erred in instructing the jury that the issuing the *alias fieri facias* did not release the sheriff, if he was liable when the *fieri facias* was returned. If the two remedies pursued by the plaintiff were not inconsistent with each other, he might adopt one without thereby relinquishing the other, unless he had obtained satisfaction. In *Jackson* v. *Bartlett*, (8 *Johns*. 361) it is held, that after an escape by the defendant from the custody of the sheriff on a *ca. sa.*, the plaintiff may proceed against the sheriff for the escape, and at the same time take out a *fieri facias* against the property of the defendant; for the remedies are not inconsistent with each other. The mere taking out and proceeding on an *alias fieri facias* was no waiver of the sheriff's responsibility; it might, if successful, have been for the benefit of the sheriff, that the debt should be levied of the defendants' goods. There is no repugnance between them, and the pursuit of one was not in itself a relinquishment of the other.

The fifth error suggests, that the sheriff's liability was done away by the rule (or, as it is called, the injunction) of Judge Shoemaker, to show cause why the judgment should not be opened. But, it would seem, the neglect of duty complained of by the plaintiff, occurred four days before that order was issued, and the sheriff staid the execution in consequence of an agreement with him, on the part of the defendant, to call and settle the debt at a future day. This, the court properly say, fixed the sheriff for the debt, unless the plaintiff ratified the proceeding and in some way waived his liability.

Judgment reversed and judgment entered for plaintiff for $90.32, with interest from 7th of November 1840, with costs of suit below.