Mitchell agt. Hall.

---

### SUPREME COURT.

#### MITCHELL agt. HALL.

*Notice* of an application for an extra allowance of costs (§ 308) is not necessary where the judge who tries the cause, makes the order at the same term.

The old practice of perfecting judgment and then giving notice of retaxation of costs can not now be pursued. The clerk has no authority under the Code, to adjust the costs until the notice (two- days) required by § 311 has been given.

An order of a justice made out of court, without notice, staying proceedings more than twenty days, is good for *twenty days only*.

The best course is to make the first order *an order of the court*, which gives it vitality commensurate with the necessities of the case.

*Brooklyn Special Term, January* 1853. This cause was tried at the Westchester circuit in September 1852, by Mr. Justice PARKER, and a verdict rendered for the defendant. The next day after the verdict was rendered, the justice made an extra allowance of $50. The plaintiff made a bill of exceptions, and on the 6th day of November obtained and served an order in the following terms. " On the service of the bill of exceptions or case in due time, let all proceedings be stayed until the settlement thereof and the decision of the court thereon.

Dated Nov. 6, 1852.          .          A J. PARKER."

The exceptions were settled on the 7th December; but owing to some miscarriage of the papers sent by mail, the bill has not been filed. On the 5th January 1853, the defendant had his costs adjusted by the clerk, and perfected his judgment for the sum of $128·15; and immediately gave notice of readjustment. The plaintiff now moves to set aside the judgment &c., for irregularity.

Mitchell agt. Hall.

WM. SILLIMAN, *for Plaintiff*

J. J. CLAPP, *for Defendant.*

BARCULO, Justice—The plaintiff moves upon these grounds:

*First.* He contends that the extra allowance could only be made *on notice.* In this he is mistaken. When the allowance is made by the judge who tries the cause, at the same term, notice is not necessary; nor need the party against whom it is made be present in court. It is usual, so far as my experience goes, to ask for it when the verdict comes in, and for the judge to grant it then or during the circuit, without hearing counsel. It would be intolerable if a judge were bound to listen to affidavits and arguments upon every such question that arises. When the cause is tried before him, he obtains all the information from the trial itself which can be of any value on the subject.

*Second.* It is claimed that the defendant is irregular in having his costs adjusted and entered in the judgment *without notice.* In this proposition I think the plaintiff is correct. The old practice of perfecting judgment and then giving notice of retaxation, can not obtain under the Code. Section 311 authorizes the clerk " to insert in the entry of judgment on the application of the prevailing party, *upon two days notice to the other,* the sum of the charges for costs." This is all that confers any power on the clerk; and it seems to me just as clear that he has no authority to adjust the costs until the notice is given, as it is, that he is authorized when this provision has been complied with. The distinction between a statute and a rule of practice is well recognized. The latter may be moulded into different shapes, to suit emergencies; but the former is inflexible, and demands implicit obedience. This principle seems to have been lost sight of in some of the cases. The true rule is laid down by Justice BOSWORTH, of the Superior Court, in Gilmartin vs. Smith (4 *Sandf. S. C. Rep.* 684). The proceedings of the defendant are irregular, therefore, in this particular.

*Third.* The plaintiff insists that the defendant had no right to disregard the order of Judge PARKER, although it extended more than twenty days. This is a question not without its difficulties. The last paragraph of section 401 of the Code seems to be im-

perative in prohibiting an order staying proceedings more than twenty days out of court, except upon previous notice. It does not, however, distinctly appear whether any notice was given on obtaining this order or not. The silence of the papers and the form of the order, lead to the conclusion that it was *ex parte.* The order was of course valid on its face, and good for the twenty days; but I am inclined to doubt whether it could extend beyond that. If that time did not prove sufficient, the plaintiff should have obtained another order. The safest and best practice undoubtedly is, when the first order is applied for, to make *it an order of the court,* which will give it a vitality commensurate with the necessities of the case.

Upon the whole, I shall direct the adjustment of costs and all subsequent proceeding to be set aside; the plaintiff to be permitted to file his exceptions within ten days; and a stay of proceedings until the cause is heard and decided. And as the defendant has been irregular, and the plaintiff guilty of laches, neither party is to have any costs of this motion,