## SUPREME COURT.

### · Stimson agt. Huggins.

The provisions of the Code regulating the *mode of entering the judgment* and the *making up and filing the judgment roll,* are not to be considered imperative, but merely *directory.*

The provisions of the Code (§ 311, 310, and 282) seem to contemplate the entry of the judgment in the judgment book, and the making up and filing the judgment roll, *prior* to the *adjustment of the costs,* and the insertion thereof in the judgment.

The Code (§ 311) requires the clerk to insert in the entry of judgment, on the application of the prevailing party, upon *two days' notice* to the other, the sum of charges for costs, &c. Now, where the clerk adjusts and inserts the costs in the judgment without the *two days' notice* having been given, it is an irregularity, but one which should not affect the entry and docket of the judgment, where otherwise regular. This statute is *directory* merely.

Unless the irregularity is such as to partake of the essence of the act of docketing the judgment, it should not be regarded as affecting its validity.

The remedy of the party entitled to have the notice of adjustment and insertion of the costs in the entry of judgment, rests in the right to *compel a readjustment at the expense of the opposite party,* who failed to give the requisite notice. (*See Richards agt. Sweetzer,* 4 *How. Pr. R.* 414; *and Dix agt. Palmer,* 5 *id.* 234, *sustaining this principle; and Mitchell agt. Hall,* 7 *id.* 490, *adverse.*)

*Norwich, Chenango County, January General Term,* 1854. An appeal from an order made at special term setting aside the

Stimson agt. Huggins.

adjustment of costs under § 311 of the Code, also the judgment execution and all subsequent proceedings for irregularity, with costs of motion. The facts of the case are, that the plaintiff recovered a verdict of $51,86 damages at the last June circuit, in Delaware county, against the defendant; the plaintiff's attorneys afterward proceeded and had the costs adjusted by the clerk of said county, and inserted in the judgment, without giving notice thereof to the defendant's attorney; the judgment was thereupon docketed for the amount of the damages and costs, and an execution issued thereon to the sheriff of Delaware county against the property of the defendant.

The defendant's attorney subsequently made a motion, asking to set aside the judgment, execution, and all subsequent proceedings, for irregularity, and that an order be granted directing the adjustment of costs as required by § 311 of the Code.

A. & R. PARKER, *for Appellant.*
GRANT, *for Respondent.*

By the Court—CRIPPEN, P. Justice.—It is undisputed that the plaintiff's attorneys procured the costs to be adjusted and inserted in the judgment by the clerk, without notice thereof to the defendant's attorney. By the order appealed from, the entire judgment, as well as the adjustment of the costs, and all subsequent proceedings, are set aside with costs of the motion. In order to arrive at a proper decision of the questions raised upon this appeal, it is necessary to recur to the provisions of the Code regulating the proceedings in an action upon the recovery of a verdict at the circuit. The first step to be taken after verdict, rests with the clerk of the court. His duty is to make an entry in the minutes, specifying the time and place of trial; the names of the jurors and witnesses; the verdict, and either the judgment rendered thereon, or an order that the cause be reserved for argument or further consideration. If a different direction be not given by the court, the clerk must enter judgment in conformity with the verdict. (§ 264 of Code.) The judgment to be thus entered by the clerk, he is required

to enter in the judgment book, which it is his duty to keep among the records of the court. (§ 279, 280.)

*Immediately on entering the judgment,* unless the party or his attorney shall furnish the clerk a judgment roll, he is required to attach the summons, pleadings, and copy of the judgment, with the verdict, together, and file the same, which shall constitute the judgment roll. (§ 281.)

A strict compliance with the foregoing provisions of the Code would seem to make it the duty of the clerk to enter a judgment on the verdict, and make up and file a judgment roll *immediately* on receiving the verdict, unless otherwise ordered by the court. This, however, is not so regarded, and is not so practiced. In practice the judgment roll is not usually made up and filed until the costs are adjusted, and the party is prepared to have the judgment perfected and docketed.

We do not consider the provisions of the Code regulating the mode of entering the judgment, the making up and filing a judgment roll, as imperative, but as merely directory. Previous to actually docketing the judgment, the prevailing party may have his costs inserted in the judgment upon two days' notice to the other party. The language of the Code is, " that the clerk shall insert in the entry of judgment on the application of the prevailing party upon two days' notice to the other, the sum of the charges for costs, including the fees of officers and necessary disbursements," &c. (§ 311.) The language of this section clearly indicates that the judgment has been entered. The clerk is directed to insert the costs in the entry of the judgment, not to insert the costs and then enter the judgment. On a careful examination of the provisions of the Code, it seems to contemplate the entry of the judgment in the judgment book, and the making up and filing the judgment roll prior to the adjustment of the costs and the insertion thereof in the judgment. In conformity with this view of the law, a provision is made for the interest which may accrue on the verdict from the time it is rendered until judgment is finally entered thereon; the clerk is required to compute the interest and add it to the costs of the party entitled thereto. (§ 310.) The Code

Stimson agt. Huggins.

also directs, that on filing a judgment roll upon a judgment, it *may* be docketed with the clerk of the county where it was rendered. (§ 282.) This section is entirely in harmony with the preceding sections: it does not require that the judgment shall be docketed at the time of filing the judgment roll; it merely provides that it may be done. Nothing appears in the papers on which the motion was founded, going to show any irregularity in the entry of judgment, or in making up and filing the judgment roll. So far the proceedings on the part of the plaintiff appear to have been entirely regular. It follows, therefore, that the order setting aside the entry of judgment is unauthorized and should be reversed.

As to the next question raised upon this appeal, there is no doubt that the costs were irregularly adjusted and inserted in the judgment. No notice of the application to the clerk to insert the costs in the entry of judgment was given to the defendant's attorney, as required by section 311 of the Code.

If, however, the judgment was properly entered and is allowed to stand, then there is no possible necessity or excuse for setting aside the docket of the judgment and subsequent proceedings. Ample justice may be done, and the defendant's rights fully protected without taking that step. If the docket is set aside, the plaintiff will be deprived of the security which he may have acquired by that proceeding. Unless the irregularity is such as to partake of the essence of the act of docketing the judgment, it should not be regarded as affecting its validity. It is undoubtedly the duty of the party entitled to costs, to give the other party two days' notice of the application to the clerk to have such costs inserted in the entry of the judgment. It is equally the duty of the clerk not to adjust or insert the costs in the entry of judgment until such notice has been given. The plain language of the Code requires the clerk to insert in the entry of judgment on the application of the prevailing party, upon two days' notice to the other, the sum of charges for costs, &c.

The essence of the thing required to be done, is the insertion of the costs in the entry of the judgment, and not the no-

tice of the application to have it done. The statute in such a case should be regarded as merely directory and not as imperative. A statute which directs a thing to be done in a certain time without any negative words restraining its being afterward done, will, as a general rule, be regarded as directory, and not as a limitation of authority. (*Smith's Commentaries*, § 670.) Pond agt. Negus, (3 *Mass. Rep.* 232.)

There are no negative words used in the provisions of the Code, restraining the clerk or rendering void his acts, in case the costs are adjusted and inserted by him in the entry of judgment without the required notice to the other party.

It is an obvious principle that prevails in the construction of statutes to carry into effect the intent of the legislature, and to secure the object intended to be secured by the statute.

The substance of the thing to be done by the clerk is the insertion of the costs in the entry of judgment; the notice to the other party is merely collateral to the principal act. The object of the notice is to protect the party against the allowance of illegal and unjust charges; but if the notice is omitted to be given, it does not affect the essence of the act required to be performed by the clerk, to wit, the insertion of the costs in the entry of judgment. The clerk is substituted, by the Code, in the place of the taxing officer, under our former system ; if he finds illegal items in the bill of costs presented for adjustment, it is his duty to strike them out. Belding agt. Conklin, (4 *How. Pr. R.* 199.) Justice BARCULO holds in this case that the clerk is a substitute in the place of the taxing officer, and although the word "tax" is no longer used, the substance of the duty remains the same as before the Code. Under our former practice, an irregular taxation never was allowed to affect the regularity of the judgment. (7 *Cowen Rep.* 412; 2 *Wend.* 244; *Graham's Practice*, 2d ed. 238.) If the clerk irregularly adjusts the costs and inserts the same in the entry of judgment, no good or well-founded reason can be discovered why it should any more affect the regularity and validity of the docket of judgment now than it formerly did.

If the statute directing the notice of adjustment to be given

is merely directory, and not imperative, as we have no doubt it must be, it then follows that the act of adjusting the costs by the clerk does not depend for its validity on the giving of the notice by one party to the other. The power or authority of the clerk to perform the act, is not conferred by the notice, but by the law itself.

The remedy of the party entitled to have the notice of adjustment and insertion of the costs in the entry of judgment, may safely rest, in the right to compel a readjustment at the expense of the party who shall obtain such insertion and adjustment, without giving the notice required by § 311 of the Code.

Justice GRIDLEY, in the case of Richards agt. Sweetzer, (4 *How. Pr. R.* 414,) decided that a judgment is not irregular or liable to be set aside because the two days' notice of the application to the clerk to enter the costs in the judgment were not given.

Also the same learned jurist, in the case of Dix agt. Palmer and others, (5 *How. Pr. R.* 234,) comes to the same conclusion on a review of the cases.

We are aware that in the case of Mitchel agt. Hall (7 *How. Pr. R.* 490) it was held by Justice BARCULO that the clerk had no authority to adjust the costs until the notice of two days was given. This case holds that it is the notice which confers authority on the clerk. It is remarkable if the legislature intended to attach so much potency to the giving of the two days' notice, that they did not indicate it by some express words in the act. If it was intended that the authority of the clerk should depend upon the giving of notice to the opposite party, proof of its having been given should be made to the clerk, otherwise he ought not to insert the costs in the judgment. We do not concur in the opinion of the learned justice, that the clerk derives his authority to insert the costs in the entry of judgment from the giving of the two days' notice. Before the Code was made, the taxation of costs without notice was an irregularity, because it violated a standing rule, and the practice of the court. The adjustment of costs and the insertion in the

entry of judgment by the clerk without notice, is now an irreg
ularity, because it violates the requirement of § 311 of the
Code.   We are of opinion that the clerk's authority is not de-
rived from the act of giving the notice.   If the clerk adjusts
the costs and inserts the amount in the entry of judgment with-
out notice to the other party, it can only be regarded as an
irregularity of the party, not affecting the authority of the
clerk or the validity of the judgment.   The only consequences
arising from such irregularity are, to order a readjustment of
the costs at the expense of the party omitting to give the no-
tice, and to compel such party to pay the costs of a motion to
obtain a readjustment.

It is obvious that many times a delay of two days in docket-
ing a judgment will entirely defeat the party recovering a ver-
dict from collecting any portion of it; ample time will thus
be given to create liens and shifts of property, by which the
vigilant creditor may be entirely defeated in obtaining the fruit
of his litigation.   If the party obtaining a verdict desires to
enter and docket his judgment without delay, for the purpose
of reaching the property of his adversary, and thereby securing
the demand, we are unable to discover any prohibition in the
Code taking away the right to do so.   The former practice
allowed the party to enter a judgment and give notice of a re-
taxation of the costs.   We see no good reason to change the
practice in that particular.

On the whole case, therefore, we are of opinion that the
order of the special term must be reversed, but without costs
to either party.

Justice GRAY gave no opinion.