Hoffman, J.
The Code (§ 272) directs that the report of the Referees upon the whole issue shall stand as the decision of the Court, and judgment may be entered thereon in the same manner as if the action had been tried by the Court.
By section 267 the decision of the Court shall be given in writing, and filed with the clerk. Judgment upon the decision shall be entered accordingly.
By sections 278, 279 and 280 a judgment on the report of a Referee is to be entered in a book kept by the clerk, and called a Judgment Book. Section 281 contemplates that the clerk enters the judgment.
The report must be in writing, and must be filed like the decision of a Judge. Sands v. Church, (2 Seld., 847,) determines that there should be something to authenticate the judgment— something that shall place it beyond doubt what is the precise point decided, which must be the written decision of the Judge, although there was not ground enough to reverse the judgment for that omission in the particular case. In Renouil v. Harris, (2 Sandf. S. C. R., 642,) it was stated that it is the clerk’s duty to enter up the judgment upon the report being filed ; that the duty of the prevailing party ends when he has filed the decision and adjusted the costs. It is then the clerk’s duty to enter the judgment and make up the judgment roll. The party has no *689 control, nor anything to do with it beyond seeing that all the papers he is bound to furnish are on file.
It seems to me that the motion below, and the order appealed from, were unnecessary.
But it is contended that the order is not appealable; that it does not affect any substantial right.
It is urged by counsel for the plaintiff that the new judgment may supersede the old one, and rob the plaintiff of the benefit of a docket, or of the levy. There cannot be two judgments.
In Miller v. The Eagle Life and Health Insurance Company, (3 E. D. Smith, 184,) it is stated that the practice in that Court had always been, where a judgment had been opened and a new trial ordered, but the judgment allowed to stand as security, to require a new judgment to be entered for the amount recovered on the second trial, without reference to the previous judgment. Such, however, was not the case then before them.
In Pierce v. Thomas, (4 E. D. Smith, 354,) the Court say that, in relation to the claim made in the notice of appeal to reverse two judgments, it was sufficient to say that, as the first stands only as security for the second, it must fall with it.
These cases cannot be understood as implying that the new judgment could have the effect of destroying the effect of a docket upon real estate or a levy upon personal property, if either had been obtained. This would be exactly contradicting the determination of the Court, upon the admission of the defendant to defend, that the judgment then existing should stand as a security.'
On the other side, the defendant cannot be deprived of all the benefits which he can have, upon the trial and upon an appeal from the decision, of any objections to the cause of action or the adequacy of the proofs to establish it. If he fully succeed, the judgment ordered to stand as security would fall. If he partially succeed, it will be so far affected.
I think the decision in Swarthout v. Curtis, (4 Comst., 415,) may aid our determination. The decree set aside a satisfaction-piece, declared a certain instrument to be a mortgage, and adjudged a foreclosure; referred it to a County Judge to compute the amount due, and directed that, on the confirmation of the report, the premises should be sold, &c., and the plaintiff to *690 have execution for any balances. It was held that this decree was not appealable to the Court of Appeals, under the Code. But, after the report had been made and confirmed, it did become appealable.
In Tompkins v. Hyatt, (19 N. Y. R., 534,) this case was recognized' and applied. There might be further litigation between the parties as to the amount of an allowance for use and occupation. Until that was settled, it could not be completely adjudged to whom the entire proceeds of the premises directed to be sold would belong.
The following remark of the Court is pertinent to the present case: “It is suggested by the plaintiff’s counsel that, if the appeal is not sustained, the judgment of the Supreme Court may be completely executed before an opportunity will be afforded to perfect another appeal, as the Sheriff will 'be authorized to pay over the whole proceeds of the premises on the filing of the report, before any opportunity is afforded to contest it or to review the judgment. This, we think, is a matter for the Supreme Court to regulate. That Court would, no doubt, by order, suspend the payment of the money until an opportunity to appeal should be afforded, after the final confirmation of the report.”
Some propositions seem to me clear. There can be no appeal to the General Term, under section 348 of the Code, until the judgment becomes final, by the decision of the Beferee being entered as a judgment. (6 Duer, 689.) The lien, by docket or levy of the judgment by default directed to stand as security, cannot be impaired by the plaintiff himself entering up the final judgment. The Court has the power to render the docket or levy available, by directing the execution heretofore issued to be carried into effect.
Bint the plaintiff was under no legal duty to do that which the order directed him to do. By the 281st section, the absolute duty of making up the roll is imposed upon the clerk, which he is to do immediately after entering up the judgment. The section gives liberty, merely, to the party, or his attorney, at his option, to furnish a judgment roll, enabling him to hasten the act. His obligation only extends to the filing of such of his own papers as, in the progress of the cause, his adversary may require to be filed ‘r which papers, (if he do not choose to furnish a judg *691 ment roll,) the clerk must collect in making up the roll, and annex thereto the copy of the judgment.
If, when the clerk makes up the roll, it appear that any of the pleadings or proceedings on the part of such prevailing party, which form a part of the judgment roll, have not been filed, doubtless, on the motion of the adverse party, he may be required to file them; but that was not the motion made in this action, and it is not the order appealed from. The order should be reversed, but without costs.
The Justices before whom the appeal was argued concurred in reversing the order, and in the points stated in the head-note of the decision.
Order reversed, without costs to either party.