Cardozo, J.
For the purpose of deciding these motions, it may be assumed that Mr. Eitterband is to be regarded as having appeared generally in the action as the defendant’s attorney.
The order staying proceedings until the hearing and decision of the appeals, from the orders denying the motions to discharge the defendant from arrest, did not extend the defendant’s time to answer, and was spent, certainly, as soon as the decisions of the court had been perfected by the entry of the order affirming the orders appealed from, which was done on the twenty-third of May. It was not necessary that notice of the entry of the order should be given. The decision was, in the fullest sense, made when the,order was entered, and became part of the records of the court. The moment this was done, the stay ceased, and the plaintiff was at liberty to proceed in the action, and as there was nothing extending the time to answer, which had previously expired, the plaintiff had the right to judgment. The defendant was then in default, and even if the plaintiff had not proceeded to take judgment, the defendant was irregular in the ex pa/rU application upon which, on the twenty-fourth, he obtained an order extending his time to answer twenty days. There was nothing to “ extend—his time had expired; he was already in default, and he could not, upon an ex-parte ap - plication, be relieved from that default. His proper remedy was to apply on notice to the plaintiff’s attorney to be relieved from the default, and for leave to answer. It is clear, therefore,, that the defendant’s position is not strengthened by the order made on the" twenty-fourth, after the time for answering had long expired.
The plaintiff having thus a clear right on the twenty-third of May, after the entry of the orders of affirmance, to proceed in the action, what was the effect, treating Mr. Eitterband as having appeared generally in the action for the defendant, of the failure to give notice of adjustment of costs, which certainly was all that Mr. Eitterband had in any view the right to claim %
Under the old practice, the only consequence of such an omission would have been to give the defendant a right to have a re-taxation of the costs at the plaintiff’s expense, and in case *357 of any deduction from the bill, to have the amount credited upon the execution.
When the Code first took effect, some cases certainly went the length of the holding that the omission to give notice of adjustment of costs affected the regularity of the judgment; but the later cases, and as I think much mpre correctly, adhere to the rule prevailing before the Code (see Stimson v. Huggins, 16 Barb., 658.)
The utmost extent to which the objection can go, is to require the costs to be stricken from the j udgment. In other respects the judgment certainly must be regular. I conclude, therefore, that the entry of judgment upon default, without notice of adjustment of costs, although the defendant has duly appeared, does not affect the regularity of the judgment, so as to entitle the defendant to have it set aside ; and that being the whole of the present motion, it must be denied, but under the circumstances, without costs, and without prejudice to any application on the merits, which the defendant may be advised ' to make.
Ordered accordingly.