## SUPREME COURT.

ALBERT COTES and another, Executors, &c., respondents, agt. ANDREW R. SMITH, MINERVA E. WOOD, LOUISA RATHBUN and CALVIN P. SMITH, appellants, and LAURA CARROLL, JANE M. RATHBUN and GEORGE L. RATHBUN, by, &c., respondents.

The theory of the Code is, that on receiving a verdict, or filing a decision or report, the clerk shall immediately make up the judgment róll and enter the proper judgment, leaving blanks for the insertion of the *costs;* when taxed, they should be inserted in the blanks.

If a *party* cause such a 'udgment to be entered, and afterwards tax his costs and

Cotes agt. Smith.

have them inserted in the blanks left in the entry of judgment, this is not an *alteration* of the record within section 9, title 5, chapter 7, part 3, of the Revised Statutes.

Where the clerk inserted in the judgment roll an order (under rule 62), allowing $100 to the guardian of an infant, to be paid out of a fund awarded to the infant, and also inserted in the judgment proper directions for its payment: held, no other party could move to set aside such proceedings.

A party moving on account of an irregularity in a judgment, must do so within one year after its commission.

The court cannot set aside a judgment to allow a party to *appeal*, where the time to appeal has expired, and thus do indirectly what cannot be done directly.

*Broome General Term, July*, 1865.

PARKER, P. J., BALCOM *and* MASON, *Justices.*

MOTION at Owego special term, March, 1865, to set aside judgment, and for leave to appeal. In addition to the facts which appeared on the motion made November general term, 1864 (28 *How.* 436), by defendants, who appeared by Countryman & Moak, to strike the cause from the calendar, and by defendants, who appeared by Mr. Bates, for leave to appeal as against them, the affidavits show the following facts : All parties appeared on the trial by their respective attorneys. The finding of facts and judgment roll were filed by plaintiffs February 5, 1864, and judgment entered in judgment book same day by clerk. At that time (the roll being filed by plaintiffs without any notice to defendants), although Countryman & Moak then had an order, pursuant to rule 62, allowing Mr. Moak, as guardian of defendant George L., $100, to be paid out of the accumulated rents awarded by the judgment to said defendant George, they had not filed it in the clerk's office. When the judgment was entered, February 5, it contained blanks for the insertion of the costs of the different parties. February 6, plaintiffs served copy judgment on each set of defendants, and also a copy of their costs, with notice that they would be readjusted March 17. February 9, Countryman & Moak filed the order making allowance to guardian, when without any direction the clerk annexed a copy of the order to judgment roll. March 12, defendants who

appeared by Countryman & Moak, served copy of their costs on plaintiffs, with notice they would be adjusted March 17, and the clerk on the latter day readjusted plaintiffs' costs, and also taxed costs of Countryman & Moak at $82.91, and inserted the amount in the blanks left therefor in entry of judgment, and also inserted directions as to payment of the $100 to guardian out of accumulated rents and profits adjudged to his ward.    February 27, defendants who appeared by Mr. Bates, appealed as against the plaintiffs, but not as against clients of Countryman & Moak, and they had no knowledge or intimation of such appeal until long after April 13.    April 13, 1864, Countryman & Moak served a copy of the judgment precisely as it now is, and had been since March 17, and notice of entry thereof on Mr. Bates.    He did not appeal as against Countryman & Moak, but printed the case with judgment roll as it was March 17, and eight days before November general term, 1864, served upon them and the plaintiffs copy case, containing judgment roll, with notice of argument thereof.    Countryman & Moak moved at that term to strike the cause from the calendar as to their clients, and Mr. Bates, without raising any objection to the judgment roll, stated he was ready for argument, and moved for leave to appeal as against them.    The question of right to allow an appeal was argued, and at January general term, 1865, the court struck the cause from the calendar, and denied leave to so appeal. The appeal as against the plaintiffs is still pending.    The cause remained thus until this motion was made.    The court on its hearing, denied the motion to set aside the judgment, absolutely, and refused leave to appeal on the ground that it possessed no power; and, also, that that branch of the motion was *res adjudicata*, and Mr. Bates' clients appeal from the order.

    D. C. BATES, *for appellants.*
    J. E. DEWEY, *for plaintiffs.*

COUNTRYMAN & MOAK, *for respondent defendants.*

I. The court properly denied the motion to set aside the judgment.

(*a.*) The court cannot set aside a judgment to allow a party to appeal, and indirectly do what cannot be done directly. (27 *How. Pr.* 136 ; 11 *N. Y. Rep.* 275 ; 11 *Paige,* 529 ; 16 *How.* 385 ; 22 *N. Y. Rep.* 319.)

(*b.*) The theory of the Code is that the judgment is entered by the clerk (5 *Bosw.* 686), leaving blanks, as was done in this case, for the parties to insert their costs. (*Stimson* agt. *Huggins,* 16 *Barb.* 658, *Gen. Term, 6th Dist.* ; 17 *Abb. Pr.* 41-2, 46.)

(*c.*) Even had the defendants who appeared by Mr. Bates, appealed as to all other parties, and given proper undertaking to stay proceedings, it would not stay taxing the costs and inserting them in the entry of judgment. " The taxation or adjustment of costs not being an execution of, or proceeding upon the judgment, but a means of completing it, is not stayed by the appeal." (*Curtis* agt. *Leavitt,* 1 *Abb. Pr.* 120, *Gen. Term, 1st Dist.* ; *Bulkley* agt. *Kettletas,* 1 *C. R. N. S.* 119.)

(*d.*) The order allowing the $100 to the guardian, affected the judgment in a single particular, to wit : a direction to the executors to pay a part of the rents and profits awarded to defendant George L., to his guardian, instead of to him. It was, therefore, properly inserted in the judgment roll (*Code,* § 281, *sub.* 2, *rule* 62). It being the *duty* of the clerk to make up the roll, any irregularity in his doing so will not affect the *judgment* (*Renouil* agt. *Harris,* 1 *Code Rep.* 125, 126).

(*e.*) It being the duty of the clerk to insert the costs of all parties in the blanks left for them respectively (*sub. b,* *supra*), he to protect the executors in the payment, properly, *according to the terms of the order,* inserted in the judg-

ment the direction to pay the $100 to the guardian out of the funds of his ward.

(*f.*) The $100 to the guardian was to be paid out of the rents and profits adjudged to his ward. The order does not, and cannot in any manner, affect the defendants represented by Mr. Bates. It is only a question between defendant George L., and his guardian. As long as the judgment remains as it is, that part cannot injure them. If they had properly appealed and reversed that portion, the allowance to the guardian would necessarily fall with such reversal. The order in this case is not like *Houghtaling* agt. *Marsh* (14 *Abb.* 161), where the allowance was made not as a part of the decision, but on a *motion for extra allowance* by another judge, *and out of a common fund which belonged to all the parties.* The court says (*p.* 164) : " The allowances in this case are made under section 309 of the Code ; they are in addition to costs, as every allowance must be which is made under that section, *and are not the allowances known in the late court of chancery.*"

(*g.*) The judgment to protect the executors, properly contained, as directed by the order, a provision that $100 of the rents and profits be paid to the guardian instead of the ward. The insertion of the order in the judgment roll was at farthest an irregularity (1 *Duer*, 679). That irregularity was committed February 9, 1864. This motion was not made till February 25, 1865. A party is bound to move to correct an irregularity within one year after it is committed, and cannot do so afterwards. (2 *R. S.* 359, § 2 ; 2 *Statutes at Large*, 371 ; 2 *Whit. Pr.* 3d ed. 578, *and cases cited* ; 1 *Burr. Pr.* 2d. ed. 474 ; 8 *How.* 312 ; 1 *Duer*, 679.) Independent however of this statutory prohibition, a party is bound to move to correct an irregularity promptly, on learning of its existence. (2 *Whit. Pr.* 579 ; 9 *How.* 34 ; 26 *How.* 409 ; 1 *Burr. Pr.* 474 ; *Grah. Pr.* 566.) A copy of the judgment precisely as it now is, was served on Mr. Bates, April 13, 1864, and he then knew all the facts

relative to the matter. Again, after knowledge of the facts, Mr. Bates printed the judgment roll as it is ; served copies on Mr. Dewey and on Countryman & Moak; gave them notice of argument thereof, and on the motion to strike the cause from the calendar, did not claim there was any irregularity in the judgment, but asked as a favor to be allowed to appeal. This was a recognition of the correctness of the judgment and roll, and an action upon such theory.

*Burrill* (1 *Pr.* 474) says : " The motion must be made at the first term after the irregularity has taken place, *and before any further proceedings have been had in the cause by the party complaining of it,* unless he were ignorant of the irregularity, *in which case he must apply as soon as he has knowledge of it.* But in such case he must show due diligence in informing himself of it, otherwise the motion will not be granted. *In other words, if the party being aware of the irregularity overlook it, and take subsequent steps in the cause, or where being fully put on inquiry, he neglects to inform himself of the irregularity, it is a waiver of the irregularity, and he cannot afterwards take advantage of it.*" (*See* 1 *Barb. Ch. Pr.* 589.) Again, Mr. Bates' clients have now an appeal pending from the judgment as against the plaintiffs. An appeal necessarily concedes the regularity of the judgment appealed from.

II. In any view of the case, the court should only strike the order allowing $100 to the guardian from the roll.

III. The taxation of costs of defendants represented by Countryman & Moak, on notice to the plaintiff, was all that was required. The plaintiffs represented the estate, and it was their duty to see that nothing was improperly taken from it. This point was so decided in 6 *How. Pr.* 380. So in *Leavitt* agt. *Miller* (4 *Duer,* 1), it was held in an interpleader suit that " a defendant who sets up a claim adverse to that of a co-defendant, is not bound to serve a copy of his answer on such co-defendant." It was not till judg-

ment was perfected that the defendants became adverse parties to each other (*Story's Eq. Pl.* § 362). As to which set of the defendants were awarded the fund in dispute, the plaintiffs were indifferent. All they desired was a judgment awarding that fund to the proper parties. There was no dispute about who was entitled to the *residuum*. That was not in litigation. The plaintiffs as executors, represented that, and it was their duty to protect it and see that it was not illegally invaded by either set of defendants. It was not claimed by the moving papers that a single item was improperly taxed by the clerk. Again, April 13, 1864, Mr. Bates was served with copy judgment containing those costs. Even had he been entitled to a retaxation, he was bound to move at once (*People ex rel. Lumley* agt. *Lewis*, 28 *How.* 159). The want of notice of taxation does not affect the regularity of the judgment. (18 *Abb. Pr.* 14; 16 *Barb.* 658.)

IV. Leave to appeal was properly denied.

1. This was so fully considered in this case at January term (28 *How. Pr.* 436), that it is not deemed proper to discuss the point.

2. That branch of the motion having been then determined, was *res adjudicata*, and was properly denied on that ground (19 *How.* 412). The order appealed from should be affirmed, with $10 costs to these respondents. Each set of respondents is entitled to costs. This court so decided several years since, in the case of *Temple* agt. *Pierce and others.*

By the court, MASON, J. This is an appeal from an order denying a motion in behalf of Andrew R. Smith, Minerva E. Wood, Louisa Rathbun and Calvin P. Smith, four of the defendants, to set aside the judgment entered in this action. The main ground relied upon by the appellants for setting aside the judgment in this case is, that the record has been altered or interfered with by the clerk, at the instance of

the parties, since the entry of the judgment. It is shown that the decision of the judge at special term was filed on the 5th of February, 1864, the judgment entered by the clerk on that day, and the roll signed and filed, with blanks left for the insertion of the costs. It appears from the papers used on this motion, that the costs were not taxed until some days after the entry of the judgment, and when taxed, on notice to the appellants, were inserted by the clerk in the judgment. We are referred by the appellants' counsel to section 9, title 5, chapter 7, of the third part of the R. S. (*vol.* 3, *R. S. p.* 723), which reads as follows : "No process, pleading or record, shall be amended or impaired by the clerk or other officer of any court, or by any other person, without the order of such court, or of some other court of competent authority." The answer to this motion is, the Code of Procedure which has been passed, since the statute above cited, fully authorizes the clerk to do all he has done in this case. The only reasonable and fair construction of the Code is, that the judgment is to be entered before the costs are adjusted by the clerk, and the costs are to be adjusted by the clerk, and inserted in the record by him, after the judgment has been entered. This is apparent from the provisions of the Code itself. The 311th section says: " The clerk shall insert in the entry of judgment, on the application of the prevailing party, upon five days notice to the other party, except when the attorneys reside in the same village or town, and then upon two days notice, the sum of the allowance for costs as provided by this Code," &c. It will be seen that these costs are to be inserted by the clerk in the *entry of judgment,* clearly showing that the costs are to be inserted after the *judgment* has been entered. This view is strengthened by sections 264, 279, 280 and 281 of the Code. By section 264, the clerk upon receiving a verdict is required to enter the judgment in conformity with the verdict. By sections 279 and 280, he is required to keep

a judgment book and enter the judgment therein, and by section 281, unless the party or his attorney shall furnish a judgment roll, the clerk *immediately after entering the judgment*, shall attach together and file the following papers, which shall constitute the judgment roll : 1. In case the complaint be not answered by any defendant, the summons and complaint, or copies thereof, proof of service and that no answer has been received, the report if any, and a copy of the judgment. 2. In all other cases the summons, pleadings, or copies thereof, and a copy of the judgment, with any verdict or report, the offer of the defendant, exceptions, case, and all orders and papers in any way involving the merits and necessarily affecting the judgment. This is to be done immediately on entering the judgment, clearly showing that the clerk is not to wait five days, or any other time for the adjustment of the costs, before entering the judgment and making up the judgment roll. This court so held in the case of *Stimson* agt. *Huggins* (16 *Barb. R.* 658 ; 7 *How. Pr. R.* 84), and such is the opinion of the superior court of the city of New York in *Gilmartin* agt. *Smith* (4 *Sand. R.* 686), where the court says : "If the proceedings are conducted according to the Code, the judgment is to be entered before the costs are adjusted." The practice prescribed by the Code, contemplates that the judgment is entered by the clerk, leaving blanks, as was done in this case, for the costs to be inserted by him when they are adjusted. (16 *Barb.* 658 ; 7 *How.* 86 ; 5 *Bosw.* 686.) The adjustment of the costs, and inserting the same in the record, is but a means of completing the judgment (1 *Abb. Pr. R.* 120 ; 1 *Code R. N. S.* 119), and is not amending or impairing the record within the meaning of the 9th section of title 5, chapter 7, part 3, of the Revised Statutes (3 *R. S. 5th ed.* 723), and if it were it is fully authorized by the subsequent enactments of the Code.

As the judgment stands, the order allowing $100 to the

guardian, is a matter in which these appellants have not the least interest, as it is special, and is to be paid out of a fund in which they have no interest. It is only a question between George L. and his guardian, and these appellants are in no manner aggrieved by it. If there were any irregularity in inserting it in the judgment, they cannot, therefore, require it to be stricken out, and besides, they cannot be heard to complain of this after allowing more than a year to elapse. But assuming that these costs were irregularly taxed and inserted in the judgment, this cannot affect the validity of the judgment. (16 *Barb.* 658; 4 *How. R.* 414; 5 *Id.* 234; 4 *Sandf. S. C. R.* 684.) The law is well settled that this court cannot set aside a judgment to allow a party to appeal, and thereby indirectly do what cannot be done directly. (27 *How. R.* 136; 11 *N. Y. R.* 275; 16 *How. R.* 385; 22 *N. Y. R.* 319.)

If I am right in the views above expressed, it follows that the order appealed from should be affirmed, with $10 costs. Decision accordingly.