Lampton et al. *v.* Nichols.

———————— ◆ ◆ ————————

### R. W. LAMPTON ET AL. *v.* W. T. NICHOLS.

Where an action was for money and for special and general relief, and an account of partnership transactions was asked, and a reference was ordered, an account taken, and a report made and confirmed, the taxing and apportionment of costs were in the discretion of the court under section 554 of the Code.

Where a judgment was rendered on such a report for the plaintiff, without any allowance of compensation to the referee, the judgment as to the costs was irregular, and the court had power, on a motion of the referee made at a subsequent term, to modify the judgment as to costs, and allow a reasonable fee, and order the plaintiff to pay it.

This cause went to General Term, on a petition in error, to reverse an order of one of the judges at Special Term, taxing the referee's fee of $350 in the case, and ordering the plaintiff to pay it.

*King, Thompson & Avery,* for plaintiffs in error.

*A. R. Dutton,* for defendant in error.

TAFT, J.    This order was entered at the November term.    The case arose out of a partnership in iron manufacture in Carter county, Kentucky, carried on under the name of the "Star Furnace."

The plaintiff brought a suit to compel a settlement of the partnership concern.    It involved a wide investigation. In June, 1868, on the plaintiff's motion, the referee was appointed, and proceeded under the order to take voluminous testimony and make an elaborate investigation.    In

Lampton et al. *v.* Nichols.

May, 1870, he filed his final report, finding a balance of about two thousand dollars in favor of the plaintiff. On motion of the plaintiff, this report was confirmed in July, 1870, and a judgment taken in favor of the plaintiffs for the amount as reported by the master with their costs therein expended, but without any allowance to the referee for his services.

In November, 1870, the referee finding himself left out of the decree made the motion to which the plaintiffs object, asking that he be allowed a fee for his services as referee, and that inasmuch as the defendant was insolvent, and the labor had been done at the instance and for the benefit of the plaintiff, the plaintiff be required to pay it. There is no complaint of the amount of the fee, and the voluminous character of the report, with the accompanying evidence, indicates that the fee is reasonable.

The plaintiffs raise two objections to this order:

1. That it requires the plaintiff to pay the fee, and not the defendant.

2. That the order was made after the term at which the decree of confirmation was entered.

As to the first point, it raises the question whether the court has such power over the costs as to protect its officer, and require the parties for whom services have been rendered to pay for them.

The Code provides (section 551): "That where it is not otherwise provided," by statute, "costs shall be allowed, of course, to the plaintiff upon judgment in his favor, in actions for the recovery of *money only*, or for the recovery of specific real and personal property." Section 552 provides for particular cases which have no relation to this case, and section 553 provides that, "costs shall be allowed, of course," to the defendant upon a judgment in his favor, in the cases comprehended under sections 551, 552.

Section 554 provides that, "In other actions the court may award and tax costs, and apportion the same between

the parties on the same or adverse sides, as in its discretion it may think right and equitable."

The present case, in our opinion, falls under section 554, and not under 551. It is not "an action for the recovery of money only." It is not such in its nature, nor is the precipe so indorsed. The indorsement is "an action for money and specific and general relief." It is not for money only, and "relief" is the very element in a case which renders it necessary that a court should have discretion in making the order in regard to costs. We are satisfied that the court had in this case a discretion in the taxation and judgment for costs, and, moreover, that it would not be going beyond a legitimate exercise of its power to provide that the referee should be paid his fee if either party was able to pay it, or if there was any fund in the case sufficient to pay it.

As to the second question, whether the court could entertain the motion to allow the referee a proper fee in this case after the term at which the judgment was rendered, there is some difficulty, as our practice has not furnished precedents. By section 289 of the Code, it is provided, "That the referees shall be allowed such compensation for their services as the court may deem just and proper, which shall be taxed as a part of the costs in the case."

There is a distinction between a judgment for costs and a judgment for the debt or damages. An entry of a judgment, without any provision for the costs, would be an irregularity; and we think that this judgment for costs, without making any allowance for the referee, who had done more than all others in the case, and whose fee was the principal item to be taxed, was an irregular judgment as to costs, and as such was liable to be set aside and re-taxed on motion. The distinction between that part of the judgment which relates to costs and that which relates to debt or damages is well established by numerous decisions in New York, and the power of the court to set aside

the judgment for costs, and correct it by a re-taxation, without disturbing the judgment for the damages, has also been settled after a variety of decisions. (5 How. Pr. 233; 20 How. Pr. 215; 17 Abb. 37; 16 Barb. 658.) The earlier cases held that an irregularity in taxing costs made the entire judgment irregular, and so liable to be set aside on motion. But a distinction is well established between the judgment for costs, and that for debt or damages.

The taking a judgment on a report of a referee without assessing the fee to the referee, we regard as an irregularity in the judgment for costs, for which the referee has a right to move to set aside the judgment as to costs and have a re-taxation. There is a propriety in allowing the referee to have such an irregularity corrected, for the reason that though entitled to have the benefit of the judgment for costs, he is not so a party, as to be chargeable with want of diligence in not pressing for his fee after he has discharged his duty by filing his report. He is entitled to rely upon the justice of the counsel and the court to provide for his reasonable compensation as a part of the costs in the case, as expressly required by the statute.

The Code expressly provides that the court may vacate or modify its judgments after the term, "for mistake, neglect, or omissions of the clerk, or irregularity in obtaining a judgment or order." (Sec. 534, 3d clause.) And this is in accordance with the practice previous to the present Code. (*Hunt* v. *Yeatman,* 3 Ohio, 16; *Reynolds* v. *Stanberry,* 20 Ohio, 344.)

The judgment of the judge at Special Term is affirmed.