LEOPOLD ROSENFIELD *et al. against* JUSTUS PALMER.

A judgment of the Supreme Court, from which an appeal had been taken, and an undertaking to stay execution duly given, was affirmed by that court at general term and an order of affirmance entered, and before the judgment roll on affirmance was made up or a judgment for costs of affirmance entered, an execution on the original judgment was issued. *Held,* that the execution, if irregular, was not void, and until it was set aside was a protection for acts done under it.

APPEAL by the plaintiffs from a judgment of the general term of the Marine Court, reversing a judgment of that court in their favor. The action was for trespass. Defendant justified under an execution against the plaintiffs. The facts are stated in the opinion.

*Townsend, Levinger & Waldheimer,* for appellants.

*Justus Palmer,* respondent in person.

J. F. DALY, J.—On March 25, 1871, the defendant herein, Justus Palmer, recovered a judgment against the plaintiffs herein in the Supreme Court for the sum of $772 46. An appeal was taken from said judgment to the general term of the Supreme Court, and it is alleged that all proceedings on said judgment were stayed by filing the proper undertaking. The said judgment was affirmed by the general term, and an order of affirmance made and entered. Before any judgment roll was made up on said affirmance, and before any judgment for costs of appeal was entered, the defendant herein, plaintiff in said original judgment, issued execution thereon, and collected the amount of the judgment of March 25th, 1871, with interest and sheriff's fees. This action is brought against him by the judgment debtors as for trespass, upon the ground that the stay of proceedings on their appeal was in full force at the time the execution was issued. They recovered judgment in the Marine Court against him for $1,038 90 damages and costs. On appeal to the general term of the Marine Court, that judgment was reversed on the ground—1st. That the execution

was properly issued, because an order of affirmance by the general term of the Supreme Court had been made and entered before the execution was issued, and it was not necessary in order to terminate the stay that, in addition to entering such order, a judgment roll should be made up and filed. 2d. Also, because if it were necessary to make up a judgment roll and file it, the issuing of execution before that was done, but after the order of affirmance was made and entered, was an irregularity only, rendering the execution not void, but voidable merely, and as no motion had been made to set the execution aside, it was full protection to the plaintiff therein.

Without passing upon the questions whether the proceedings were stayed in the first place by the undertaking and the justification of sureties thereunder, and whether the stay ended with the making and entering of the order of the general term affirming the judgment, I am of opinion that this judgment of reversal by the general term of the Marine Court must be affirmed on the last ground stated in the opinion of that court, read on the argument before us.

There was a valid judgment of the Supreme Court in favor of Palmer for $772 46 on March 25th, 1871, and an actual affirmance of such judgment in his favor by the general term of that court on July 1st, 1871. If it were necessary to make up a judgment roll embodying the case and order of affirmance, in order to perfect a judgment of affirmance, it was a matter of form only, non-compliance with which makes the execution voidable only. It is necessary to perfect such a judgment in order to take an appeal therefrom to the Court of Appeals (*McMahon* v. *Harrison*, 5 How. Pr. 360); but I can find no decision that such a step is necessary in order to terminate the stay of execution on the original judgment, which stay continues only to the time the judgment is affirmed. The entry of an order of the general term affirming the judgment is all the attorney for the respondent is bound to do, it being the duty of the clerk to make up the judgment roll, and this can be compelled by either party who desires to appeal (Code, § 281; 2 Sandf. R. 641; 22 How. Pr. R. 437; 5 Bosw. 686).

In *Bowman* v. *Tallman* (3 Robt. 634), it was said that an

execution issued before such judgment of affirmance was perfected was irregular, but a motion to set aside an execution in that action, issued after the oral announcement of affirmance by the general term and entry on the clerk's minutes, but before the entry of a formal order of affirmance was denied, because although the issuing of execution was irregular, the party aggrieved did not make his motion promptly, but suffered several months to elapse before applying to the court to set the execution aside. Such a decision could not have been made if the court had been of opinion that the execution was absolutely void. Voidable process is that which the party aggrieved may or may not elect to avoid at his option (1 Cow. 736–739). Delay in making the motion to set it aside may be regarded as evidence of his election.

It is probable that if a motion had been made in the Supreme Court to set aside the execution issued by this defendant Palmer, it would have been granted, but the plaintiffs had their option to make it or not, and they did not. The execution was valid until set aside and a full protection to all persons issuing it or acting under it (1 Cow. 736 ; *Hall* v. *Munger*, 5 Lans. 109 ; *Blanchard* v. *Goss*, 2 N. H. 494 ; *Landt* v. *Hilts*, 19 Barb. 283 ; 2 Abb. Pr. [N. S.] 354 ; *Reynolds* v. *Corp*, 3 Caines, 271). The defendant was therefore not liable as a trespasser for issuing an execution which was valid until set aside, and which had never been set aside.

The judgment of the general term of the Marine Court should be affirmed.

DALY, Ch. J., and LOEW, J., concurred.

Judgment affirmed.