(32 Misc. Rep. 500.)

### MAUTNER et al. v. PIKE et al

(Supreme Court, Appellate Term.    October 16, 1900.)

1. ACCORD AND SATISFACTION—EVIDENCE OF ACCEPTANCE—SUFFICIENCY.

Defendant offered to settle an indebtedness which he owed plaintiff by giving him certain goods, which plaintiff looked at and said he would take. Defendant packed the goods and sent them to plaintiff's place of business, and took a receipt, on which was written, "On storage only,"

which defendant explained as meaning that plaintiff, who was going on a trip to Europe, wished to inspect the goods after his return. *Held*, that a finding that the goods had been accepted in full accord and satisfaction of the debt would not be disturbed on appeal as contrary to the evidence.

2. REQUESTED INSTRUCTION—EFFECT ON APPEAL.

Where plaintiff requested an instruction, which was given, "that, in order to make an accord and satisfaction binding, there must be a final agreement that the plaintiff would accept the goods, and that, if there was any condition that plaintiff should have a further opportunity of withholding his assent, there was not an accord and satisfaction," he cannot urge on appeal that, notwithstanding his agreement to take the goods, he had the right to recede from such agreement any time before final delivery and acceptance, since he must abide by the law as settled by his own instruction.

3. TRIAL—EVIDENCE IN REBUTTAL—CROSS-EXAMINATION—MATERIAL ISSUE.

In an action to recover on a debt, defendant claimed that plaintiff had accepted certain goods in accord and satisfaction, and, in cross-examining plaintiff, elicited evidence as to the kind of goods defendant had on hand at the time of his interview with plaintiff. *Held*, that defendant was entitled to contradict plaintiff's evidence by other testimony, since it was on a material issue, and he did not make plaintiff his own witness by bringing out such evidence on cross-examination.

4. COSTS—EXTRA ALLOWANCE—NOTICE.

Where an order for an extra allowance for costs was made by the judge who tried the cause, at the same term, it was unnecessary to give notice thereof to the adverse party.

Appeal from city court of New York, general term.

Action by Julius Mautner and another against Annie Pike and another. From a judgment in favor of defendants, affirmed by the New York city court, general term (65 N. Y. Supp. 563), plaintiffs appeal. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Eugene Cohn and Julius Levy (Eugene Cohn, of counsel), for appellants.

Greenthall & Levy (Charles L. Greenthall, of counsel), for respondents.

GIEGERICH, J. The defendants, as co-partners, owed the plaintiffs for goods consigned at various times. Being unable to pay cash in discharge of this indebtedness, they invited one of the plaintiffs to their place of business, and explained the situation to him, and he agreed to take goods instead of money. The defendants pleaded the plaintiffs' agreement to take specified goods, and the delivery of those goods in pursuance of that agreement, as an accord and satisfaction. The pivotal question of the case is whether there was such an agreement, or whether the agreement made was merely one to take goods to be selected and determined upon later. It was left to the jury to answer the question, "Was or was not that agreement made,— that these three cases of goods should be accepted in full accord and satisfaction of the plaintiffs' claim?" The jury answered this question in the affirmative, by bringing in a verdict in favor of the defendants, and the only question for this tribunal is whether there was any evidence upon which to base such a verdict. Some of the evidence on this point is as follows:

The defendant Pike testified:

"We then took Mr. Mautner around, and showed him what kind of goods were there; and he saw the goods, and said he would take the goods in return for his claim. And we then packed up three cases of goods and sent them over to Mr. Mautner's place."

The defendant Schuloff testified as follows:

"We showed him [Mautner] what we had, and what we had at that time,— some martens or skunks which were not his own goods,—and we gave him those and some other goods, and he knew about the price, within 5 cents or 10 cents, as he is in the same business; and the bookkeeper wrote out a certain paper or memorandum or bill, of which this is the identical copy here, and we packed the goods and sent them over."

This memorandum was put in evidence, and was delivered with the goods.

Ehrlich, the bookkeeper and manager of the defendants, testified:

"He [Mautner] finally agreed to take those goods. * * * He said that the goods should be packed up and sent to his place, which was done."

While the testimony above quoted leaves something to be desired in point of definiteness and precision, still we do not think that this court would be justified in reversing the judgment on the ground that there is no evidence of an agreement to take specific goods.

The appellants urge that the presence of the words, "On storage only," written upon the receipts which were exchanged at the time the goods were delivered to them, shows conclusively that there was no agreement existing to take those goods in satisfaction of the indebtedness. The defendants, however, explain this apparent discrepancy by saying that Mr. Mautner said, when the goods were delivered, that he was about to go to Europe, and that when he came back he would look the goods over and see if they were all right. Under the circumstances, we think the defendants gave a satisfactory explanation of the presence of those words on the receipts, which is that they were intended to reserve to the plaintiff the right to examine the goods, in order to ascertain if they were the ones he had selected and agreed to take.

The appellants argue that, even if they did make an agreement to take these specified goods in satisfaction of their claim, they were nevertheless, under the authorities, at liberty to recede from this agreement at any time before final delivery and acceptance. Bank v. De Grauw, 23 Wend. 342; Day v. Roth, 18 N. Y. 448; Kromer v. Heim, 75 N. Y. 574. On this point it is enough to call attention to the plaintiffs' request to the court to charge "that, in order to make an accord and satisfaction binding, there must be a final agreement that the plaintiffs will accept, and, if there was any condition, intention, or any agreement that the plaintiffs should have a further opportunity of withholding their assent, that there was not an accord and satisfaction." This request the court granted. The appellants must abide by the law of the case as settled by this instruction, which they themselves requested.

The appellants are wrong in their contention that the testimony as to the kind of goods the defendants had on hand at the time the interview in question took place called for purely collateral evidence, and

that the defendants were therefore bound upon that point by the testimony which they had elicited upon cross-examination from the plaintiff Mautner; they having passed the bounds of strict cross-examination, and made him their own witness on an independent matter. The responses were not upon a collateral matter, but were material and directly in issue. The case hinged upon the question whether there was an agreement to take specific goods, and this testimony went directly to that point; and, being upon a material issue, the defendants were at liberty to produce other evidence upon the point, although such evidence did contradict the testimony of the plaintiff Mautner upon his cross-examination.

The appellants' counsel also contends that the extra allowance should be stricken from the judgment on the ground that it was not made until the day after the trial, and in his absence, and without notice to him. The respondents rely in support of their practice upon Mitchell v. Hall, 7 How. Prac. 490, where the court, at page 491, said:

"When the allowance is made by the judge who tries the case, at the same term, notice is not necessary; nor need the party against whom it is made. be present in court. It is usual, so far as my experience goes, to ask for it when the verdict comes in, and for the judge to grant it then, or during the circuit, without hearing counsel. It would be intolerable if a judge were bound to listen to affidavits and arguments upon every such question that arises. When the cause is tried before him, he obtains all the information from the trial itself which can be of any value on the subject."

The views there expressed are applicable to the present case.

The case of Woodruff v. Railroad Co. (Super. N. Y.) 10 N. Y. Supp. 305, cited by the appellants, was a very different one. The judge there said (page 310):

"The granting of the allowances without notice was the result of misapprehension. The order will therefore be that the orders heretofore entered be vacated and set aside, and that a referee be appointed to take proof and determine the amount of the several sums to be allowed to the persons thereto entitled."

In the present case it does not appear that the want of notice prejudiced the appellants' position, or that there was any circumstance whatever affecting the propriety or the amount of an allowance that was not already within the knowledge of the judge who tried the case.

The judgment should therefore be affirmed, with costs. All concur.